PEOPLE ex rel. O'SHEA v. LANTRY.

(Supreme Court, Appellate Division, First Department.   November 24, 1899.)

1. CERTIORARI—TIME OF BRINGING.
    Objection that certiorari to review a determination was not served within four months thereafter, as required by Code Civ. Proc. § 2125, cannot be first raised on the argument on the appeal; no objection being interposed to the granting of the writ, nor on its return.

2. SAME—HARMLESS ERROR.
    Where, in certiorari to review the removal of an official, the court is satisfied from the evidence that the result would not have been different, had evidence objected to been excluded, such admission is harmless.

Certiorari by the people, on the relation of J. O'Shea, against Francis J. Lantry, commissioner, etc., to review the determination of respondent in removing relator from the office of deputy warden of the city prison of the city of Newport.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

J. G. Boyd, for relator.
Theodore Connoly, for respondent.

PER CURIAM.   The point raised by the respondent, that this proceeding is barred by the four-months statute of limitation (Code Civ. Proc. § 2125), is not well taken.   The relator moved for the writ upon notice to the respondent.   The notice of motion was served within the four months.   When the application was actually heard, the four months had elapsed; but the respondent, who was then represented by the corporation counsel, interposed no opposition to the granting of the writ.   Nor was the point raised or suggested in the return to the writ.   It was too late to raise the question for the first time upon the argument of this appeal.   The ordinary statute of limitations can be waived, and we see no reason why the same rule should not be applied to this special statute.   We think, therefore, that the relator is entitled to a review upon the merits. We have accordingly gone over the record, and are of the opinion that his removal was justified by the evidence.   There was sufficient testimony to support all the charges, but the second was substantiated by an overwhelming preponderance of evidence; and that particular charge was a most serious one, fully warranting the relator's removal from his peculiarly responsible position.

No question of law is presented, meriting extended consideration. The objections to testimony tending to show certain doings of the relator prior to those particularized in the specifications were without merit.   These prior doings bore upon the charges of present mental weakness, lack of decision, want of force of character, and general incapacity.   They tended to show that the particular acts specified were not isolated or accidental exhibitions of weakness, but were indicative of persistent and rooted infirmities.   Even, however, if the admission of testimony of this character would have been erroneous in a common-law action, its reception here did not seriously prejudice the relator, or materially affect his rights, with-

in the rule which has been laid down in these and cognate cases. People v. Board of Police Com'rs of City of New York, 93 N. Y. 97; People v. Board of Police of City of Brooklyn, 69 N. Y. 408; People v. Common Council of City of Auburn, 85 Hun, 613, 33 N. Y. Supp. 165. After considering the mass of testimony contained in this voluminous record, and noting especially that the evidence objected to had no bearing upon the most serious and clearly-proved of the five charges, namely, the second, we may, without further dis- cussion, adopt and apply the language of the court in People v. Keator, 36 Hun, 596: "On looking over the whole case, we are satis- fied that the result would not and should not have been different, had the evidence * * * been excluded."

The determination of the respondent should be confirmed, with $50 costs and disbursements.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.