PEOPLE ex rel. RYAN v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department. June 20, 1906.)

MANDAMUS—ALTERNATIVE WRIT—MOTION TO DISMISS.

Under Code Civ. Proc. § 2076, making the statement contained in an alternative writ of mandamus subject to the provisions of the Code relating to the complaint in an action, and providing that the person on whom the writ is served, instead of making a return, may file a demurrer, and section 2075, providing that an alternative writ cannot be set aside on motion for any matter involving the merits, an alternative writ will not be dismissed on motion because the right to the relief asked is barred by limitations.

Appeal from Special Term, New York County.

Mandamus by the people, on the relation of John Ryan, against Theodore A. Bingham as police commissioner. From an order denying a motion to dismiss an alternative writ of mandamus, the commissioner appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Terence Farley, for appellant.
Max Schleimer, for respondent.

PER CURIAM. An alternative writ of mandamus is in the nature of a pleading, and is equivalent to a complaint in an action (People ex rel. Keene v. Supervisors, 142 N. Y. 271, 36 N. E. 1062), and cannot be dismissed upon motion, because the right to the relief asked is barred by the statute of limitations. That objection must be taken either in the return to the writ or by demurrer (section 2076 Code Civ. Proc.), and, if not thus taken, is waived. The objection that the writ was not timely issued may also be waived. People ex rel. O'Shea v. Lantry, 44 App. Div. 392, 60 N. Y. Supp. 1009; People ex rel. Ehrlich v. Grant, 61 App.

Div. 238, 70 N. Y. Supp. 504. It does not affect a substantial right, because it determines nothing in favor of the relator nor against the respondent named in it. It cannot be set aside for any matter involving the merits. Section 2075, Code Civ. Proc. The writ and the return are substantially the same as a complaint and answer, upon which an issue of law arises if either of them is demurred to, or issue of fact if the facts set out in the petition, or any of them, are denied in the return. Until the issues thus raised have been determined, the substantial rights of either party have not been affected. People ex rel. Ackerman v. Lumb, 6 App. Div. 26, 39 N. Y. Supp. 514.

The motion to dismiss was properly denied, but in affirming the order appealed from we do not wish to be understood as passing upon the question sought to be raised by the motion to dismiss. Such question can only be determined in the manner indicated.

The order appealed from, therefore, is affirmed, with $10 costs and disbursements.