THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE COUNTY OF DELAWARE and THE BOARD OF SUPERVISORS OF THE COUNTY OF DELAWARE and the TOWNS OF ANDES, BOVINA, DELHI, FRANKLIN, MEREDITH and ROXBURY, Relators, *v.* THE STATE TAX COMMISSION and the TOWN OF HANCOCK, DELAWARE COUNTY, Respondents.

Third Department, November 13, 1918.

Taxation — equalization of taxes — method of procedure — sufficiency of evidence — certiorari — scope of review by — costs — allowances to counsel.

On proceedings on appeal to the State Tax Commissioners from the determination of town supervisors fixing the equalization of taxes, the Commissioners selected representative classes of property in the towns affected by the appeal, took the testimony of two appraisers selected by the adverse parties on either side, took into consideration records from last Federal census, and the sales price of property in the towns, as shown by the records of the county clerk, and readjusted and equalized the values of various towns. There was considerable conflict in the evidence adduced from the appraisers. *Held,* that the decision of the State Tax Commissioners was not against the evidence or the weight thereof.

The rule is now settled that on common-law certiorari the court will examine the record not only to see whether the subordinate tribunal kept within its jurisdiction, but also to ascertain whether any rule of law affecting the relator was violated.

On such proceeding, if the inferior tribunal had jurisdiction, and there was legitimate evidence tending to support its decision, and no rule of law was violated, its adjudication is final, no matter how weak or inconclusive the evidence may be.

On certiorari errors in the rejection or reception of evidence should be disregarded, if the inferior tribunal had jurisdiction of the subject-matter of the investigation, and had conducted its proceedings in the mode required by law in order to authorize it to make the determination, where there was sufficient competent evidence in the case authorizing the tribunal to reach the determination made.

Allowance of counsel fees held not to be unreasonable.

CERTIORARI issued out of the Supreme Court and attested on the 8th day of January, 1917, directed to the State Board of Tax Commissioners of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in determining an appeal from the equalization made by the

board of supervisors of Delaware county of the assessments for the year 1915.

*Charles R. O'Connor* [*W. F. White* with him on the brief], for the relators.

*Merton E. Lewis, Attorney-General* [*A. G. Patterson* of counsel], for the respondents.

WOODWARD, J.:

Thomas L. Carrick, supervisor of the town of Hancock, Delaware county, took an appeal to the Board of State Tax Commissioners of the State of New York from a determination of the supervisors of Delaware county fixing the equalization of taxes. The appeal was sustained, and the Tax Commissioners readjusted the equalized values of various towns, materially decreasing the valuation which had been fixed for the town of Hancock for the year 1915. The county of Delaware and the towns adversely affected by the determination have brought this proceeding to review the action of the Tax Commissioners, and this court is confronted with a voluminous record and a mass of calculations which lose much of their terror to the judicial mind when the simple questions of law are sifted out and considered.

The proceeding before the Tax Commissioners appears to have been conducted by selecting representative classes of property in the towns affected by the appeal, and then taking testimony of two appraisers, selected by the adverse parties, on either side, supplemented by records from the last Federal census, and sales prices of property in the towns, as shown by the records of the county clerk. In other words, there was common-law evidence, the opinions of men acquainted with the values of real estate in Delaware county (*People ex rel. Carter* v. *Williams,* 48 N. Y. St. Repr. 207) and such other evidence as became competent only because it was made so by the Tax Commissioners themselves including sales lists and the records of the Federal census. (*People ex rel. Mayor, etc.,* v. *McCarthy,* 102 N. Y. 630, 638; *People ex rel. Carter* v. *Williams,* 48 N. Y. St. Repr. 207, 208, and authorities there cited.) There was a decided conflict in the common-law evidence adduced, as is common in such cases. For

instance, the relators' appraisers, in considering the selected properties in the town of Andes, fixed the aggregate of nine pieces of real estate at $26,550, while the appraisers selected in behalf of the town of Hancock placed the valuations of these same properties at $38,500. In the town of Delhi the appraisers for the relators fixed the value of the selected group at $42,650, while the appraisers for the town of Hancock showed a valuation of $74,500 for the same properties, and so it might be shown throughout the entire list; and the Tax Commissioners, after listening to this common-law evidence, supplemented by the sales lists and the Federal census statistics, reached a conclusion holding the valuations at something less than that sworn to by the appraisers for the town of Hancock, and considerably in excess of that sworn to by the appraisers for the other towns involved.

The relators urge that the decision of the State Tax Commission was against the evidence and the weight thereof, but we are unable to agree with this proposition. The common-law evidence produced was clearly sufficient to justify the determination of the State Tax Commission. It may be conceded that it was, as it appears in the record, of apparently equal value. It may even be assumed that this court, had it been called upon to decide the issue of fact, as presented by the common-law evidence, would have been disposed to have sustained the original equalization; but that does not justify us in disturbing the findings of fact made by the tribunal authorized by law to make such determination. This tribunal had the witnesses before it, and had a better opportunity to judge of its weight than this court can have from the record. Besides this, it had the advantage of the sales lists and of the matters shown by a special report of the Federal census upon the dairy interests of Delaware county, which was shown to be a dairy county, owing much of its prosperity to the production of milk, and both of these lines of evidence strongly corroborated the testimony of the appraisers of the town of Hancock. Upon the merits, therefore, we should have to hold that the relators had failed to show that the State Tax Commission had determined the appeal erroneously.

The only other question is whether the State Tax Commission committed any legal error in its consideration of the

694 People ex rel. Co. of Delaware *v.* State Tax Comm.

Third Department, November, 1918. [Vol. 184.

case. The rule is now settled that on a common-law certiorari the court will examine the record not only for the purpose of seeing whether the subordinate tribunal kept within its jurisdiction but also to ascertain whether there was any legal proof of facts authorizing the adjudication, and whether any rule of law affecting the rights of the relator has been violated. But if the tribunal had jurisdiction, and there was evidence legitimately tending to support its decision, and no rule of law was violated, the adjudication is final, and cannot be reviewed on certiorari because the evidence upon which it proceeded was weak or inconclusive, or because the court issuing the writ would, if the case had originally been presented for its decision, have decided differently upon the facts. (*People ex rel. Hart* v. *Board of Fire Comrs. of N. Y.*, 82 N. Y. 358, 361; *People ex rel. Kent* v. *Board of Fire Comrs.*, 100 id. 82, 85.) This rule is codified (Code Civ. Proc. § 2140) where it is provided that " The questions, involving the merits, to be determined by the court upon the hearing, are the following, only: * * * 4. Whether there was any competent proof of all the facts, necessary to be proved, in order to authorize the making of the determination. 5. If there was such proof, whether there was, upon all the evidence, such a preponderance of proof, against the existence of any of those facts, that the verdict of a jury, affirming the existence thereof, rendered in an action in the Supreme Court, triable by a jury, would be set aside by the court, as against the weight of evidence."

That is, if there is competent proof of a fact then the determination of the inferior tribunal may not be disturbed, unless there is such a preponderance of proof against the existence of such fact as would justify the court in setting aside the verdict of a jury. The fact that the evidence in support of the fact may be weak or inconclusive is not to be taken into consideration, unless there is preponderance of proof against it, and the admission of evidence, incompetent under common-law rules, tending to corroborate the common-law evidence in support of the fact, does not constitute error. (*People ex rel. Carter* v. *Williams*, 48 N. Y. St. Repr. 207, 208, and authorities there cited.) While it is no doubt true that the rule does not go to the extent of holding that decisions as to the admission and rejection of evidence cannot be reviewed by

certiorari under section 2140 of the Code of Civil Procedure, as held in *People ex rel. Mizner* v. *Hair* (29 Hun, 125) and *People ex rel. Board of Supervisors of Chenango Co.* v. *Board of State Assessors* (22 Wkly. Dig. 453), we are of the opinion that the rule as now established is that errors in the rejection or reception of evidence should be disregarded if the tribunal had jurisdiction of the subject-matter of the investigation, and had conducted its proceedings in the mode required by law in order to authorize it to make the determination, where there was sufficient competent evidence in the case upon which the tribunal would be authorized to reach the determination which it made. (*People ex rel. Burby* v. *Common Council*, 85 Hun, 601, 612; *People ex rel. O'Shea* v. *Lantry*, 44 App. Div. 392, and authorities there cited.)

We are of the opinion that the allowances to counsel, in view of the elaborate preparation necessary to a proceeding of this character, are not unreasonable.

The determination of the State Tax Commission should be confirmed, with costs.

Determination of the State Tax Commission unanimously confirmed, with fifty dollars costs and disbursements.