In the Matter of JAMES F. MAHONY, JR., et al., Appellants, against J. EDWARD CONWAY et al., Constituting the State Civil Service Commission, et al., Respondents.— A proceeding under article 78 to review a determination of the classification and appeals board of the State Department of Civil Service, which sustained decisions denying appellants' petitions for an upward reallocation of their salary grades in their positions of senior underwriters, State Insurance Fund. The appeal is from an order of the Supreme Court, Albany County Special Term, which dismissed appellants' petition on the ground that the proceeding is barred by the Statute of Limitations (Civ. Prac. Act, § 1286).

Appellants' primary applications were denied by the salary standardization board, Department of Civil Service, on July 13, 1949. This denial was affirmed on April 4, 1951, by the director of the classification and compensation division. On a further appeal to the classification and compensation appeals board the denial was reaffirmed on August 8, 1951. On August 9, 1951, appellants applied to the appeals board for a rehearing. This was denied on September 21, 1951. Appellants contend that their application for a rehearing tolled the statute until the same was denied on September 21, 1951. There is no provision in the Civil Service Law for a rehearing or reargument before the appeals board, and since this relief was not granted the decision of August 8, 1951, must be considered as finally determining the rights of the parties. The proceeding herein was commenced by the service of a petition upon respondents on January 15, 1952, or more than four months after the final determination of the appeals board made on August 8, 1951. Hence the proceeding was barred by the Statute of Limitations unless that defense was waived (Civ. Prac. Act, § 1286). Appellants urge such a waiver on the following basis. The proceeding was made returnable before a Special Term in New York County. Respondents moved to dismiss, or in the alternative to have the proceeding transferred to Albany County on the ground that it had not been brought in the proper judicial district (Civ. Prac. Act, § 1287). The motion was granted in this language: " The cross motion is granted to the extent of directing a transfer of the proceeding to Albany County. The prime motion and the remainder of the cross motion are left to the disposition of the court in Albany County." Respondents did not answer the petition but appellants urge that the affidavits submitted by respondents in support of the motion set forth defenses which amounted to an answer and did not plead the Statute of Limitations, and hence that they waived the same. In other words that respondents' motion to transfer the proceeding constituted a participation on the merits, and precluded respondents from thereafter raising the Statute of Limitations as a defense. This argument is without merit. The Special Term in New York did not pretend to pass upon the merits of the proceeding, and hence the way was clear for respondents to answer or otherwise move against the petition in Albany County. Subsequently respondents moved to dismiss the petition on a point of law, i.e., that the Statute of Limitations barred relief, and the motion was granted. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

1