Donald S. Taylor, J.
The petitioner, a teacher of swimming in the New York City school system since 1936, in a proceeding under article 78 of the Civil Practice Act seeks an order to annul the determination of the Commissioner of Education which affirmed the action of the Board of Education of the City of New York in placing her on a lower salary step than that which she claims to be entitled to under the provisions of chapter 778 of the Laws of 1947 as amended by chapter 860 of the Laws of 1948. The respondents in their answers object in point of law on the ground that the proceeding was not instituted within four months after the determination sought to be reviewed became final and binding. (Civ. Prac. Act, § 1286.)
The petitioner’s appeal from the board’s action to the Commissioner of Education was denied on January 18, 1955. On February 17, 1955, petitioner filed with him an application to reopen and reargue the appeal which was also denied on October 11, 1955. The instant proceeding was commenced on February 10, 1956.
*677 There is no statutory mandate which requires the Commissioner of Education to grant a rehearing or reargument on an appeal from a determination of a local Board of Education. (Civ. Prac. Act, § 1285, subd. 5.) Since he declined to entertain the petitioner’s application for reargument, the date of his decision which denied the primary appeal 1‘ must be considered as finally determining the rights of the parties ” (Matter of Mahony v. Conway, 281 App. Div. 1057, 1058) and the four months’ limitation provided in section 1286 of the Civil Practice Act began to run from that time. (Matter of Getz v. Spaulding, 277 App. Div. 925, affd. 303 N. Y. 702; Western New York Water Co. v. Public Service Comm., 124 N. Y. S. 2d 612; Matter of Di Brizzi, 116 N. Y. S. 2d 811; Keays v. Conway, 105 N. Y. S. 2d 944; Rosenblatt v. Finkelstein, 84 N. Y. S. 2d 193; Matter of Mahony v. Conway, supra.) This proceeding, therefore, is barred by the Statute of Limitations. Matter of Liebman v. Van Denburg (168 Misc. 155) upon which the petitioner relies is not pertinent to the problem posed here.
The petition is dismissed, without costs.
Submit order accordingly.