■ In the Matter of TEMPLE ISRAEL OF LAWRENCE, Respondent, against ROY PLAUT, Constituting the Board of Appeals of the Incorporated Village of Lawrence, et al., Appellants.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Zoning Board of Appeals of the Incorporated Village of Lawrence, which denied respondent's application for a variance and a permit to erect an extension to its present building on property owned by respondent on Fulton Street in said village. The board of appeals and all (except one) of the property owners on Fulton Street appeal from an order of the Special Term which annulled the determination and directed the board to issue the permit. Respondent is one of the largest Reform Jewish congregations in the United States. It owns a large plot of ground in a residence " C " district in the village of Lawrence, on which there were built a temple in 1930, and an extension in 1951. On April 9, 1945 the village building zone ordinance was amended to eliminate " Churches " as a permitted use in a residence " C " district. An increase of membership and of students for religious instruction make imperative an increase in the temple facilities. Plans for expansion northerly and southerly on property presently owned by respondent were abandoned as not feasible for various reasons. Said respondent then contracted to purchase a vacant plot fronting on Fulton Street for expansion easterly, the contract being conditioned on the granting of a variance to erect a three-story extension to be used for classrooms and a library on the first and second floors, with a gymnasium and possibly a swimming pool in the basement. The application for a variance was denied by the board of appeals because, *inter alia,* there was no proof of unnecessary hardship or injustice, the only grounds on which a variance may be granted under the provisions of the ordinance. Order reversed, without costs, and proceeding dismissed, without costs, and without prejudice to the institution of an action or proceeding attacking the constitutionality of the ordinance. An application for a variance under a zoning ordinance is an appeal to the

discretion of the board of appeals conferred on it by the ordinance. By invoking this discretionary power, respondent necessarily conceded, for purposes of the application, the validity and constitutionality of the ordinance. The ordinance permits a variance to be granted only on proof of unnecessary hardship or injustice. (*Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508.) Respondent does not claim that it proved unnecessary hardship or injustice. It argues that, because it is a temple, it is not required to make such proof. Where no attack is made on the validity of the provisions of the ordinance, such a contention is untenable. (*Matter of Hickox* v. *Griffin,* 298 N. Y. 365.) Respondent's remedy is by way of an action or proceeding in which the constitutionality of the ordinance may be attacked directly. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur. [10 Misc 2d 1084.]