Howard T. Hogan, J.
This is a proceeding instituted by a taxpayer to compel the respondents Board of Assessors of the county and ¡the village to add to their tax rolls property owned by the respondent temple.
It appears that the temple leases a substantial portion of its facilities to the Roslyn Summer Day Camp, Inc. for a current rental of $16,250 per summer. The record is replete with facts pointing to the conclusion that the property in question is not utilized exclusively for religious purposes.
Section 420 of the Real Property Tax Law provides in essence that real property owned and used exclusively for religious purposes shall be exempt from ¡taxation .and that if a portion thereof is leased for other purposes such portion shall be subject to taxation.
The testimony and the exhibits submitted, particularly the advertisements, brochures and the underlying agreement clearly indicate that the camp is not run primarily for the religious purposes of the respondent temple but rather for the financial gain of the camp operator, the Roslyn Summer Day ¡Camp Inc. It is not sufficient, under section 420, that the lease results in rental income which can be utilized for temple purposes. (See Cornell Univ. v. Board of Assessors, 24 A D 2d 526.) This property is being utilized in part for a nonreligious commercial venture, and that portion is subject to taxation. (See Matter of Shrine of Our Lady of Martyrs v. Board of Assessors, 54 Misc 2d 145; Town of Harrison v. County of Westchester, 34 Misc 2d 1020, affd. 18 A D 2d 1136, affd. 13 N Y 2d 258.)
The respondent temple urges among its affirmative defenses that ¡the proceeding was not timely commenced in that it was not brought within 30 days of the final adoption of the tax roll by the various municipalities as provided in a tax certiorari proceeding by section 702 of the Real Property Tax Law and that even if such 30-day time bar does not apply the action *453 should have in any event been commenced within four months of such date under CPLB. 217.
The court agrees with the petitioner that this case is properly an article 78 proceeding and not a matter brought pursuant to article 7 of the Beal Property Tax Law to review a particular assessment.
The thrust of this application is altogether different. It seeks not a review of an existing assessment claimed to be made as a result of overvaluation, illegality or inequality but rather an order “ directing respondents to add the property to the Assessment Bolls as non-exempt property
Neither of the respondent municipalities has alleged the Statute of Limitations as an affirmative defense. The four-month time limit has been long held to be waivable. (People ex rel. O’Shea v. Lanry, 44 App. Div. 392; People ex rel. Ryan v. Bingham, 114 App. Div. 170; Matter of Mahony v. Conway, 281 App. Div. 1057.)
The respondent temple has alleged the defense in their answer. The question presented is therefore whether a non-municipal respondent may properly raise the four-month Statute of Limitations which has been waived by the municipal corespondents. In Matter of Temple Israel v. Plant, 10 Misc 2d 1084, revd. 6 A D 2d 886) the petitioner sought and obtained an order directing a Village Board of Appeals to issue a building permit notwithstanding the fact that the proceeding was instituted after the expiration of the applicable 30-day Statute of Limitations. The defense was not pleaded by the village but was asserted by the intervening adjacent property owners who also contested the application on the merits, and Special Term found the defense to be waived.
The Appellate Division, Second Department, reversed the Special Term on the merits. Therefore, tacitly approving the finding of waiver by Special Term.
In this court’s opinion the four-month Statute of Limitations which specifically relates only to proceedings against a body or officer, is available only to that body or officer and if it or he chooses to forego that tactical advantage and litigate upon the merits, the technical maneuver should not be foisted unto it by a nonmunicipal corespondent.
Accordingly, the court does not reach the question as to whether the proceedings were timely as against either the county or the village. None of the respondents has argued laches as a bar.
*454 The temple also urges that the petitioner has not exhausted her administrative remedies. Since this has not been pleaded by either of the municipalities or by the temple, it should not be raised at this point. Moreover, it is not altogether clear what administrative remedy ought be pursued. The Assessors are required, under section 550 to add the omitted property to the tax roll. There is no provision in that section for an appeal to any administrative agency. Section 552 providing for a board of review obviously does not apply to the section 550 procedure due the absence of any “ day specified by law ” for the hearing of complaints pursuant to section 550. Section 552 would appear to relate only failure of the board to meet as required by section 512.
In any event, the failure of the Village Board to perform a duty specifically enjoined by law prevents the Statute of Limitations from running against it. (O’Buck v. City of Yonkers, 2 AD 2d 775.)
The duty to assess omitted property is a continuing duty, and the village has not complied with that duty.
Insofar as the county is concerned, .the pleadings specifically deny that a demand was served upon it, although it admits receiving a copy of the demand which was served upon the village. Under the circumstances of this case, the court will treat the petition itself as the demand and the answer as the refusal. (Matter of Moskowitz v. La Guardia, 183 Misc 33, affd. 268 App. Div. 918, affd. 294 N. Y. 830; Matter of DeLack v. Greene, 170 Misc. 309; Matter of Central School Dist. No. 2 v. New York State Teachers’ Retirement System, 46 Misc 2d 225, affd. 27 AD 2d 265.)
One remaining point is the temple’s assertion that the petitioner herein is not the real party in interest. It appears that an association of day camps operating on Long Island is the moving force behind this proceeding, and that petitioner’s husband is an attorney who represents at least one day camp which is not operated on tax-exempt property. This does not remove the petitioner’s status to bring this action as a taxpayer, and indeed, her motives are irrelevant. Any citizen may present his petition for the enforcement of mandatory duties imposed upon officials, (24 Carmody-Wait, New York Practice 2d, § 145:255, p. 50; C. H. O. B. Assoc. v. Board of Assessors, 45 Misc. 2d 184, affd. 22 AD 2d 1015, affd. 16 N Y 2d 779.)
It should also be observed that the tenant has agreed with the temple to discontinue the use of the property at the termination of the 1969 camping season.
*455 Nevertheless, the petitioner has established that the county and the village should have assessed the temple property to the extent that the property is utilized for commercial purposes.
The respondent county and village are directed to comply with the provisions of section 550 of the Real Property Tax Law within 10 days of service of a copy of the judgment to be entered hereon.
Settle judgment on notice.