■ In the Matter of JOHN F. HANS et al., Appellants, v RICHARD H. BURNS et al., Constituting the Zoning Board of Appeals of the Town of Colonie, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 30, 1974 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a decision of the Zoning Board of Appeals of the Town of Colonie. The decision challenged in this proceeding was rendered by the board on October 16, 1973 and later filed twice in the office of the Town Clerk, on October 29, 1973 when an employee of the town building department filed a photocopy thereof and on November 7, 1973 when the board's attorney filed the original signed ribbon copy. Thereafter, on November 8, 1973, petitioners' attorney went to the Town Clerk's office and asked to see the decision, and the Deputy Clerk informed him that it had just come in along with several others and proceeded to show him the original copy which had been filed on November 7. This proceeding was subsequently commenced on December 4, 1973, and Special Term dismissed the petition as not being timely served. On this appeal, the sole question presented is whether or not the petition was properly dismissed, and we find that it was not. Admittedly, petitioners' attorney did not institute this proceeding within 30 days of the initial filing of the decision on October 29, as required by subdivision 7 of section 267 of the Town Law. In view of the action of the Deputy Clerk, however, in showing him only the later filed original copy when he asked to see the decision, we find his course of conduct understandable. Furthermore, it is likewise clear that the board failed to raise the defense of the Statute of Limitations either in its answer or by motion to dismiss. In such circumstances, we deem the defense to be waived (CPLR 3211, subd [e]; *Matter of Ambrosio v Zoning Bd. of Appeals of Town of Huntington,* 196 Misc 1005; *Spanierman v Crescent Plaza Corp.,* 58 NYS2d 322, affd 270 App Div 885), and it makes no difference that respondent Aragona did raise it in his answer because, as a nonmunicipal corespondent, the defense was not

available to him (see *Matter of Winter v Board of Assessors of County of Nassau,* 63 Misc 2d 451; *Matter of Temple Israel of Lawrence v Plaut,* 10 Misc 2d 1084, revd on other grounds 6 AD2d 886). Therefore, upon the particular facts of this case upon which we focus, the judgment must be reversed. Judgment reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings in accordance herewith. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.