■ In the Matter of the Town of Clinton, Appellant, v Raymond H. Dumais et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Clinton that certain portions of an order to remedy were not applicable to the property of respondents Dumais and to enjoin respondents Dumais from operating campsites on their grounds in excess of the number previously approved by the Clinton Town Board, the petitioner appeals from a judgment of the Supreme Court, entered in Dutchess County on June 3, 1977, which granted the motion of respondents Dumais to dismiss the petition on the ground that it had not been timely served and dismissed the petition. Judgment affirmed, without costs or disbursements. It is accepted that the 30-day Statute of Limitations prescribed by subdivision 7 of section 267 of the Town Law commences with the filing with the town clerk of the decision of the respondent board. However, what paper constitutes that decision has been questioned, viz., is it the letter announcing the board's determination, or the later-filed minutes of the board's hearing? The practice of the board herein is to convene when business mandates, to approve

and thereafter file minutes of any particular meeting at the next meeting, but, in accordance with the requirements of subdivision 5 of section 267 of the Town Law, to render its decision within 60 days of the hearing which dealt with the particular question under consideration. To insure compliance with subdivision 5 of section 267 of the Town Law, the Zoning Board of Appeals of the Town of Clinton notifies interested parties of its decision by letter, and files said letters with the town clerk. The minutes of its meetings may or may not be approved and thereafter filed with the town clerk for days or months after a meeting. Under these circumstances, it is the filing of the letter decision, and not the filing of the minutes, which commences the running of the Statute of Limitations. Consequently, the limitation period herein expired more than two weeks prior to the commencement of the proceeding. The petitioner's argument that the defense of untimely commencement of the proceeding was not available to the nonmunicipal respondents Dumais is unwarranted under the circumstances, the holdings in *Matter of Temple Israel of Lawrence v Plaut* (10 Misc 2d 1084, revd on other grounds 6 AD2d 886), *Matter of Hans v Burns* (48 AD2d 947), and *Matter of McGregor v Town of Hastings* (62 AD2d 1178) notwithstanding. In each of those cases the full participation on the merits by the respondent board distinguishes the case from that herein, where the respondent board has not participated except to support the respondents Dumais, who were made parties by the petitioner and who are the real contestants on behalf of themselves and the respondent zoning board of appeals. It should be noted that the respondent board has neither retained its own counsel for this proceeding, nor has available to it funds, necessarily apportioned to it by the town, with which to obtain counsel. Accordingly, the judgment of Special Term granting the motion to dismiss for untimely service of the petition under CPLR article 78 and subdivision 7 of section 267 of the Town Law was proper. Titone, J. P., O'Connor, Martuscello and Mangano, JJ., concur.