■ STATE OF NEW YORK, Appellant, v RAYMOND NADELL, Respondent.—Crew III, J.

On October 14, 1983, a summons with notice was served on defendant by plaintiff seeking money damages for a penalty assessed against defendant by the Commissioner of Health for violating the Public Health Law. After granting numerous time extensions for an appearance due to settlement discussions between the parties and notifying defendant that judgment would be sought against him if no scheduled payment agreement was established, plaintiff accepted a January 1990 letter from defendant as an appearance and served a complaint on defendant on February 6, 1990. Defendant did not move to dismiss or answer in a timely fashion. On April 9, 1990, plaintiff moved for default judgment. On April 21, 1990, defendant cross-moved to dismiss the action on the ground that it was barred by the Statute of Limitations. Supreme Court granted defendant's cross motion and dismissed the action. This appeal by plaintiff ensued. We reverse and grant plaintiff's motion for a default judgment.

It is clear from the record that defendant never moved to dismiss or answered the complaint served on him on February 6, 1990 and was, therefore, in default at the time that he made his cross motion to dismiss. A defense of the Statute of Limitations is deemed waived if not asserted in a timely fashion in either an answer or motion to dismiss (see, Matter of Hans v Burns, 48 AD2d 947). We view defendant's cross motion as a motion to extend his time to serve an answer which would include a defense of the Statute of Limitations. In order to prevail on that motion, defendant must demonstrate a reasonable excuse for his delay in answering (see, CPLR 3012 [d]; Special Prods. Mfg. v Douglass, 159 AD2d 847, 848). Defendant offered no excuse for his delay in answering the complaint and, accordingly, defendant's cross motion is denied and plaintiff is awarded a default judgment against defendant.

Mikoll, Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion denied, motion granted and plaintiff awarded a default judgment.