◼ In the Matter of ANTHONY BAMOND, III, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.—In a proceeding to confirm an arbitration award, in which the respondent cross-moved to vacate the award, petitioner appeals from two judgments of the Supreme Court, Orange County, dated November 19, 1979 and November 26, 1979, respectively, which, *inter alia,* vacated the award. Appeal from judgment dated November 19, 1979, dismissed. The judgment was superseded by the judgment dated November 26, 1979. Judgment dated November 26, 1979 reversed, on the law, judgment dated November 19, 1979 vacated, petition to confirm the award granted, and cross application to vacate the award denied. Appellant is awarded one bill of $50 costs and disbursements. The arbitral award as to which judicial review is sought arises from an incident which occurred on July 16, 1978. On that day, the claimant, who was intoxicated at the time, climbed onto the hood of an automobile owned and operated by respondent's insured, and began to smash the car's windshield with his foot. It appears that the insured accelerated the car, causing the claimant to fall from the hood, and sustain injuries. The claimant sought benefits under the insured's no-fault policy. When the claim was denied, the claimant demanded arbitration pursuant to section 675 of the Insurance Law. The award of the expediting arbitrator, who held that the accident did not fall within any of the policy exclusions set out in subdivision 2 of section 672 of the Insurance Law, and that the claimant was an "eligible injured person" or "qualified person" entitled to no-fault benefits, was affirmed on appeal to a master arbitrator. The claimant thereafter commenced the instant proceeding seeking confirmation of the master arbitrator's award. The insurer cross-moved for vacatur of the award, alleging that the arbitrator's award "was erroneous based upon Section 672 (2) (A) of the Insurance Law." Preliminarily we must decide whether judicial review of the award of a no-fault master arbitrator, pursuant to the amended version of section 675

of the Insurance Law (L 1977, ch 892, § 13), is subject to the same standards of judicial review as arbitral awards under the no-fault law prior to the 1977 amendments. Under the prior law, each claim was heard by a single arbitrator. While the no-fault law prior to amendment made no specific reference to judicial review, the award could, like other awards in arbitration, be challenged pursuant to CPLR article 75. The standards of review in such proceedings, while considerably less strict than those applicable to administrative determinations in CPLR article 78 proceedings, were more exacting than the standards applicable to purely consensual arbitrations (*Matter of Furstenberg [Aetna Cas. & Sur. Co.]*, 49 NY2d 757). Under the amended statutory scheme, arbitration awards in disputes arising under section 675 may be appealed to a master arbitrator, whose relatively broad powers of review include consideration of errors of law (see Insurance Law, § 675, subd 2; 11 NYCRR 65.17). Judicial review of a master arbitrator's award is restricted, by the terms of the statute, to "the grounds for review set forth in article seventy-five" of the CPLR (except in those cases where the award is $5,000 or more, and the applicant or insurer may seek *de novo* review in the courts). Although the current version of section 675, unlike the earlier version, specifically mentions the CPLR article 75 "grounds for review", we do not believe that the Legislature thereby intended to alter the standards by which no-fault arbitral awards are to be scrutinized by the courts. It appears that the reference to CPLR article 75 was merely intended to distinguish between the role of the master arbitrators, whose power to vacate or modify arbitrators' awards is "not * * * limited to those grounds for review set forth in article seventy-five", and the role of the courts, whose jurisdiction is so limited. Nothing in the Governor's memorandum of approval, or the bill jacket of the amending legislation, neither of which contain any discussion of the issue, would warrant a different interpretation. We would note, additionally, that were we to construe the statute as narrowing the scope of judicial review, the law could conceivably run afoul of constitutional due process rights (cf. *Country-Wide Ins. Co. v Harnett*, 426 F Supp 1030, affd 431 US 934). Accordingly, we hold that a master arbitrator's award is subject to judicial review under precisely the same standards as the Court of Appeals has ruled are applicable to arbitration awards under former section 675. Applying those standards (see *Matter of Garcia v Federal Ins. Co.*, 46 NY2d 1040; *Matter of Furstenberg [Aetna Cas. & Sur. Co.]*, *supra*) to the case at bar, we have no difficulty in deciding that the judgment appealed from should be reversed and the master arbitrator's award confirmed. The master arbitrator's findings that the claimant did not intentionally injure himself (Insurance Law, § 672, subd 2, par [a]), that his injuries did not result from his operation of a motor vehicle while in an intoxicated condition (Insurance Law, § 672, subd 2, par [b]), and that the injuries did not occur while claimant was committing an act which would constitute a felony (Insurance Law, § 672, subd 2, par [c], cl [i]), appear to have been based upon evidence submitted to the arbitrator. Nor do we believe that the award should have been vacated on the ground that the claimant was not a "covered person" under subdivision 10 of section 671 of the Insurance Law. Since the question of whether the claimant falls within the statutory definition of "covered person" was not raised in the insurer's application, it should not have been considered by Special Term. In any event, the arbitrator's determination that the claimant was eligible to receive no-fault benefits, which was affirmed by the master arbitrator, was not so irrational as to require vacatur. Indeed, it appears that the arbitrator's interpretation of the law was correct. Since the claimant sustained

injuries "arising out of the use or operation in this state" of a motor vehicle, and was not an occupant of another motor vehicle, he is a person entitled to receive first-party benefits (Insurance Law, § 672, subd 1, par [a]), and therefore is a "covered person" as that term is defined in subdivision 10 of section 671. Finally, we conclude that the master arbitrator's award was not contrary to strong public policy. While the claimant's conduct may have been reprehensible, it did not, according to the arbitrator's findings, fall within any of the specific policy exclusions set forth in subdivision 2 of section 672 of the Insurance Law. Therefore, the master arbitrator's award was wholly consistent with the letter and spirit of the no-fault law, which was designed to provide compensation to victims of motor vehicle accidents, regardless of fault *(Matter of Michigan Millers Mut. Ins. Co. v Cullington,* 59 AD2d 784). Damiani, J. P., Titone, Mangano and Gulotta, JJ., concur.