■ In the Matter of BENJAMIN PETROFSKY, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. — In a proceeding to vacate the award of a master arbitrator, the appeal is from a judgment of the Supreme Court, Kings County, entered February 6, 1980, which, *inter alia,* vacated the master arbitrator's determination setting aside the arbitrator's award, and reinstated the arbitrator's award to petitioner in the principal sum of $4,629.40. Judgment reversed, on the law, with $50 costs and disbursements, determination of the master arbitrator reinstated, arbitrator's award vacated and proceeding dismissed. On December 4, 1977 petitioner, who was unemployed at the time, suffered physical injuries in an automobile accident. In February of 1978, he submitted a letter from a potential employer to the appellant, his no-fault insurer, stating that the employer had offered petitioner a position at a salary of $300 per week, effective January 3, 1978, but that the position had been filled by someone else when petitioner was unable to start work on that date. The appellant honored the claim for loss of earnings. Petitioner suffered a heart attack on April 30, 1978. Appellant discontinued payments as of that date, taking the position that petitioner's disability was now due to an uninsured cause. Petitioner's claim for loss of earnings for the period from April 30, 1978 to March 31, 1979 proceeded to arbitration pursuant to subdivision 2 of section 675 of the Insurance Law. The arbitrator was presented, *inter alia,* with two reports from the same treating physician: one stated, in effect, that petitioner's disability arising from the automobile accident terminated on February 20, 1978; and the other stated that as of March 2, 1979, petitioner was still disabled from that accident. The arbitrator decided in petitioner's favor, and rendered an award in the principal sum of $4,629.40. Subsequently, this award was vacated by a master arbitrator as without "rational or plausible basis" and "devoid of support from the record." Special Term, in turn, vacated the master arbitrator's determination and reinstated the arbitrator's award on the ground that the latter "was not irrational, in light of the evidence presented." We now reverse Special Term, reinstate the determination of the master arbitrator, and vacate that of the arbitrator. Under the facts herein, we cannot pass upon the relative merits of the respective determinations of the two arbitrators. We may only decide if the determination of the master arbitrator (not, as presumed by Special Term, the arbitrator) could withstand a challenge pursuant to one of the grounds enumerated in CPLR 7511 (see *Matter of Bamond v Nationwide Mut. Ins. Co.,* 75 AD2d 812). In fact, subdivision 2 of section 675 of the Insurance Law provides, insofar as relevant, that "The decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules". As no issue cognizable under that article was presented to Special Term, it should have upheld the determination of the master arbitrator. Hopkins, J. P., Titone, Margett and Weinstein, JJ. concur.