In the Matter of the Arbitration between DAVID L. MOTT, Respondent, and STATE FARM INSURANCE CO., Appellant.

Third Department, December 18, 1980

### APPEARANCES OF COUNSEL

*Chernin & Gold (Martin J. Kane* and *John Rittinger* of counsel), for appellant.

*Joseph T. Pondolfino, Jr.,* for respondent.

### OPINION OF THE COURT

CASEY, J.

On April 1, 1978 petitioner sustained serious personal injuries in a one-car accident that occurred in Delaware County. As a consequence, petitioner applied for no-fault benefits to respondent (State Farm). State Farm denied the claim, contending that petitioner was operating the motor vehicle at the time of the accident in an intoxicated condition.

At petitioner's request, an expedited arbitration hearing was held on October 6, 1978 to resolve this disputed issue. The expediting arbitrator decided that petitioner was entitled to personal injury protection (PIP) benefits inasmuch as the blood test administered at the hospital, which showed an alcoholic content of .14, was insufficient to show petitioner's intoxication; that petitioner had not been convicted of driving while intoxicated; and that the other evidence was insufficient to prove that petitioner was injured as a result of being intoxicated.

This determination was appealed by State Farm to a master arbitrator, pursuant to the amended version of subdivision 2 of section 675 of the Insurance Law (L 1977, ch 892, § 13). The master arbitrator vacated the award in its entirety, holding that the results of the blood test should have been considered by the expediting arbitrator; that a conviction for driving while intoxicated is not a prerequisite for a carrier to deny PIP benefits; that the other proof was more than sufficient to show the petitioner was injured as a result of being intoxicated; that petitioner was, therefore, injured as the result of operating a motor vehicle in an intoxicated condition "as a matter of law"; and that the overwhelming weight of evidence as to petitioner's intoxication compelled the award of the expediting arbitrator to be vacated.

On March 16, 1979 petitioner commenced this proceeding, pursuant to CPLR 7511, at a Special Term of the Supreme Court to vacate the award of the master arbitrator on the grounds that he exceeded his power and was not impartial. Special Term held that there was no showing of any partiality or prejudice on behalf of the master arbitrator, but that he "exceeded his power in vacating the previous award of the original arbitrator". The original arbitrator's award was, therefore, reinstated with the option to State Fam to repursue the master arbitration proceeding.

The respondent appeals this determination of Special Term. We hold that the master arbitrator did not exceed his authority in vacating the original expediting arbitrator's award, and that the judgment of Special Term must be reversed. Subdivision 2 of section 675, as amended by

section 13 of chapter 892 of the Laws of 1977, provides: "An award by an arbitrator may be vacated or modified by a master arbitrator in accordance with simplified procedures to be promulgated or approved by the superintendent. The grounds for vacating or modifying an arbitrator's decision by a master arbitator shall not be limited to those grounds for review set forth in article seventy-five of the civil practice law and rules. The decision of an arbitrator shall be binding except where vacated or modified by a master arbitrator. The decision of a master arbitrator shall be binding except for the grounds for review set forth in article seventy-five of the civil practice law and rules".

Under the regulations subsequently promulgated by the superintendent pursuant to this statute, one of the grounds for review of an award by an expediting arbitrator on appeal to a master arbitrator is: "that an award rendered in an A.A.A. expedited arbitration under section 65.16(c)(3)(i) of this Part was incorrect as a matter of law (procedural or factual errors committed in the arbitration below are not encompassed within this ground)". (11 NYCRR 65.17[a][4].)

Under this regulation, the award of the original expediting arbitrator can be reviewed by a master arbitrator, whose broad powers of review include consideration of errors of law (Insurance Law, § 675, subd 2; 11 NYCRR 65.17). By the terms of the amended statute, judicial review of a master arbitrator's award is restricted to "the grounds for review set forth in article seventy-five" and "under precisely the same standards as the Court of Appeals has ruled are applicable to arbitration awards under former section 675" (Matter of Bamond v Nationwide Mut. Ins. Co., 75 AD2d 812, 813). Since arbitration under the no-fault law is compulsory, the scope of review of a master arbitrator's award is whether it lacks a rational basis (Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.], 49 NY2d 757; Caso v Coffey, 41 NY2d 153).

Here, there was a rational basis to support the finding of the master arbitrator that the award of the expediting arbitrator was incorrect, as a matter of law, in the arbitrator's refusal to consider the results of the blood test and in

his reliance on the lack of a conviction for driving while intoxicated to determine the intoxication issue, and that the award of the arbitrator was erroneous, since the evidence clearly showed that petitioner was operating his motor vehicle in an intoxicated condition and was injured as a result of such intoxication.

The order should be reversed, on the law, without costs, and the petition dismissed.

MAHONEY, P. J., SWEENEY, KANE and HERLIHY, JJ., concur.

Order reversed, on the law, without costs, and petition dismissed.