■ In the Matter of the Arbitration between DARYL B. SMITH, Respondent, and FIREMEN'S INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered June 30, 1980 in Clinton County, which granted petitioner's application to vacate the award of the master arbitrator. In the early morning hours of September 21, 1978, following a quarrel between petitioner and his then wife, which occurred while the two were driving home at 30 miles per hour, petitioner abruptly exited from the passenger side of the moving car and sustained a serious head injury. Firemen's Insurance Company denied his subsequent claim for first-party benefits under the no-fault automobile insurance policy previously issued to him on grounds that petitioner had caused his own injury (see Insurance Law, § 672, subd 2, par [a]). Petitioner then commenced an arbitration proceeding pursuant to subdivision 2 of section 675 of the Insurance

Law. After a hearing, the arbitrator found that although petitioner had "intentionally left the vehicle", he found "no evidence whatsoever that he intentionally caused his own personal injury." Respondent then applied to a "master arbitrator" for vacatur of the arbitrator's decision (see Insurance Law, § 675, subd 2; 11 NYCRR 65.17). The master arbitrator subsequently vacated the award determining that there was no rational basis upon which the arbitrator could have found petitioner's injury to have been unintentional. Petitioner thereafter instituted a special proceeding in Supreme Court pursuant to CPLR article 75 to vacate the master arbitrator's decison. Special Term ruled that the master arbitrator had exceeded his authority and reinstated the arbitrator's decision. This appeal ensued. A reversal is required. A master arbitrator, in such cases, is vested with relatively broad powers of review, including the authority to vacate awards infected by an error of law *(Matter of Mott [State Farm Ins. Co.],* 77 AD2d 488; *Matter of Bamond v Nationwide Mut. Ins. Co.,* 75 AD2d 812, 813, affd 52 NY2d 957). Given the undisputed fact here that petitioner intentionally exited from a vehicle traveling at 30 miles per hour, the master arbitrator's determination that, as a matter of law, such conduct constitutes intentional self-caused injury within the meaning of section 672 (subd 2, par [a]) of the Insurance Law, clearly rests upon a rational basis and is not in excess of the broad power of review granted to him *(Matter of Mott [State Farm Ins. Co.], supra; Matter of Bamond v Nationwide Mut. Ins. Co., supra;* see, also, *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442, 449). Order reversed, on the law, and petition dismissed, without costs. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.