■ In the Matter of the Arbitration between MAMIE LUCKIE, Respondent, and STATE FARM INSURANCE COMPANY, Appellant. — In a proceeding to vacate the award of a master arbitrator, State Farm Insurance Company appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated March 9, 1981, which (1) granted the application, (2) vacated the master arbitrator's determination to modify the prior arbitrator's award, dated October 9, 1980, and (3) confirmed the prior award. Judgment reversed, on the law, with $50 costs and disbursements, application denied, and award of the master arbitrator reinstated. It is well settled that the determination of a master arbitrator is binding unless one of the grounds set forth in CPLR 7511 to vacate or modify the award can be shown to exist (Insurance Law, § 675, subd 2; *Matter of Bamond v Nationwide Mut. Ins. Co.,* 75 AD2d 812, affd 52 NY2d 957). Since no issue cognizable under CPLR 7511 was presented to Special Term, we cannot pass upon the relative merits of the two arbitrators' respective determinations. We can only hold that the determination of the master arbitrator should have been upheld (see *Matter of Petrofsky v Allstate Ins. Co.,* 78 AD2d 856). Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.

■ In the Matter of VIRGINIA McDONALD, Individually and on Behalf of her Children, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated August 22, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce petitioner's grant of public assistance by 10% each month for the purpose of recovering a broker's fee and moving expenses. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to pay petitioner all sums which may have been withheld pursuant to the determination. The determination was not supported by substantial evidence. Furthermore, there was no evidence to show that the children's needs were individually analyzed by the local agency (see *Colon v Shang,* 74 AD2d 559; *Matter of McPhaul v Toia,* 56 AD2d 630). Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.

■ In the Matter of CHARLES J. MILLER, Appellant, v WALTER JABLONSKI et al., Constituting the Board of Elections of the County of Dutchess, and R. STEPHEN GILLESPIE et al., Respondents. — Judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated September 8, 1981, affirmed, without costs or disbursements. No opinion. Gulotta, J. P., Margett, Weinstein and Thompson, JJ., concur.