■ In the Matter of AMERICAN CONSUMER INSURANCE COMPANY, Appellant, v RUDOLPH WILLIAMS, Respondent. — Judgment of the Supreme Court, Nassau County, dated September 30, 1980, affirmed, with $50 costs and disbursements, for reasons stated by Mr. Justice Spatt at Special Term (see, also, *Matter of Petrofsky v Allstate Ins. Co.,* 78 AD2d 856; *Matter of Bamond v Nationwide Mut. Ins. Co.,* 75 AD2d 812, affd 52 NY2d 957). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

■ In the Matter of ERNEST J. KIGHT, Respondent, v WYANDANCH UNION FREE SCHOOL DISTRICT (WYANDANCH PUBLIC SCHOOLS) et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Wyandanch School District to reinstate the petitioner to his position as high school principal, the appeal is from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated November 14, 1980, which, *inter alia,* directed the school district to reinstate the petitioner to his former position with back pay. Judgment reversed, on the law, without costs or disbursements, and petition dismissed on the merits. At the outset, we note our agreement with Special Term that the petitioner was not required to file a notice of claim as a condition precedent to the bringing of this proceeding (see *Matter of Weisbarth v Board of Educ.,* 76 AD2d 841; *Matter of Gross v Board of Educ.,* 73 AD2d 949; *Matter of Tadken v Board of Educ.,* 65 AD2d 820, mot for lv to app den 46 NY2d 711; cf. *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, mot for rearg den 36 NY2d 807). Clearly, the petitioner in this case is seeking to vindicate the public interest in the enforcement of tenure rights. However, we disagree with the finding that the school superintendent's recommendation, in January, 1977, that the petitioner receive tenure operated as a modification of the petitioner's contract of employment with the school board under the doctrine of estoppel and acquiescence. Under the Education Law, the power to enter into employment contracts is vested exclusively in boards of education (see Education Law, § 1709, subd 16). Thus, the petitioner's probationary period did not expire until 120 days after the expiration date of his contract of employment, i.e., 120 days past August 31, 1978 (see L 1975, ch 469). Accordingly, when the petitioner's services were terminated he was still serving his probationary term, and he was not entitled to a hearing pursuant to section 3020-a of the Education Law. We have considered petitioner's other contentions and find them to be without merit. Lazer, J. P., Rabin, Cohalan and Bracken, JJ., concur.