■ In the Matter of the Arbitration between MAMIE LUCKIE, Respondent, and STATE FARM INSURANCE COMPANY, Appellant. — In a proceeding to vacate the award of a master arbitrator, State Farm Insurance Company appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated March 9, 1981, which (1) granted the application, (2) vacated the master arbitrator's determination to modify the prior arbitrator's award, dated October 9, 1980,

and (3) confirmed the prior award. By order dated October 13, 1981, this court reversed the judgment, denied the application, and reinstated the award of the master arbitrator (*Matter of Luckie [State Farm Ins. Co.]*, 84 AD2d 551). By order dated November 25, 1981, claimant's motion for reargument was granted to the extent of permitting the parties to submit briefs with respect to the Court of Appeals reversal of this court's determination in *Matter of Petrofsky v Allstate Ins. Co.* (78 AD2d 856, revd 54 NY2d 207). Upon reargument, our order and decision of October 13, 1981 are recalled and the judgment of Special Term is affirmed, with costs. "In cases of compulsory arbitration, this court has held that CPLR article 75 'includes review * * * of whether the award is supported by evidence or other basis in reason'. (*Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493, 508.) This standard has been interpreted to import into article 75 review of compulsory arbitrations the arbitrary and capricious standard of article 78 review. (*Caso v Coffey*, 41 NY2d 153, 158; Siegel, New York Practice, § 603, pp 865-866.) In addition, article 75 review questions whether the decision was rational or had a plausible basis. (*Caso v Coffey*, 41 NY2d 153, 158, *supra.*) The master arbitrator, when reviewing an arbitrator's award made in a compulsory arbitration setting pursuant to 11 NYCRR 65.17(a)(1) which authorizes article 75 review, is, therefore, like the courts, limited to reviewing on the basis of the limited grounds enumerated by article 75 (CPLR 7511; Siegel, New York Practice, § 602, pp 861-865) and to reviewing whether the arbitrator acted in a manner that was arbitrary and capricious, irrational or without a plausible basis. (*Caso v Coffey*, 41 NY2d 153, *supra;* Siegel, New York Practice, §§ 602, 603, pp 861-866.)" (*Matter of Petrofsky v Allstate Ins. Co.*, 54 NY2d 207, 211, *supra.*) In determining that the American Arbitration Association arbitrator failed to consider the prior Health Service Arbitration award, the master arbitrator acted arbitrarily and capriciously and exceeded the broad scope of his authority. Accordingly, we affirm, *inter alia,* the granting of the application to vacate the master arbitrator's award, which was made in excess of his powers of review. Titone, J. P., Lazer, Mangano and Weinstein, JJ., concur.