■ In the Matter of MICHAEL DE PAOLI, Appellant, v BOARD OF EDUCATION, SOMERS CENTRAL SCHOOL DISTRICT, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of respondents declining to reassign petitioner to the positions of athletic director and physical education department chairman for the 1982-1983 school year, petitioner appeals from a judgment of the Supreme Court, Westchester County (Daronco, J.), dated August 16, 1982, which, upon respondents' motion pursuant to CPLR 7804 (subd [f]), dismissed the petition. Judgment reversed, on the law, with $50 costs and disbursements, motion denied and petition reinstated. Respondents' time to answer is extended until 10 days after service upon them of a copy of the order to be made hereon, with notice of entry. On a motion to dismiss a petition pursuant to CPLR 7804 (subd [f]), only the petition is to be considered and all of its allegations are to be deemed true (*Matter of Cutcher v Nyquist,* 39 AD2d 810). Since the petition alleges that the respondent board awarded petitioner tenure "as 'Phys. Ed. Inst. and Dir. Athletics'" on April 14, 1971, that fact must be deemed true. Contrary to respondents' contention, subdivision 1 of section 3813 of the Education Law is inapplicable since petitioner seeks to vindicate the public interest in the enforcement of tenure rights (*Matter of Kight v Wyandanch Union Free School Dist.* [*Wyandanch Public Schools*], 84 AD2d 749, affd 56 NY2d 606; *Matter of Pulver v Board of Educ.,* 80 AD2d 833; *Matter of Feinberg v Board of Educ.,* 78 AD2d 889; *Matter of Weisbarth v Board of Educ.,* 76 AD2d 841; *Matter of Gross v Board of Educ.,* 73 AD2d 949, mot for lv to app dsmd 49 NY2d 952; *Matter of Tadken v Board of Educ.,* 65 AD2d 820, mot for lv to app den 46 NY2d 711). Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur.