■ In the Matter of RENEE A. ROSCH, Appellant, v TOWN OF MILTON ZONING BOARD OF APPEALS et al., Respondents. (And a Related Action.)—Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court (Brown, J.), entered September 30, 1987 in Saratoga County, which denied plaintiff's motion for a preliminary injunction, dismissed the complaint for lack of standing and, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioner's lack of standing, and (2) from an order of said court, entered January 12, 1988 in Saratoga County, which denied petitioner's motion for reargument or renewal of the prior judgment.

Petitioner owns a parcel of land in the Town of Milton, Saratoga County, which is part of an R-3 zoning district. Such district allows, *inter alia,* one- and two-family houses and mobile homes, and special permit uses include stables, quarries, landfills, cemeteries, animal hospitals, tourist or rooming houses and golf courses. In December 1984 respondents Harold W. Wakeley and Carol M. Wakeley purchased a 6.3-acre parcel of land which is surrounded on three sides by petitioner's land. One month later, the Wakeleys obtained a variance to convert the one-family residence on the property into a family-type residence for senior citizens with four private rooms. The Wakeleys have operated the residence in this manner since that time.

In June 1987 the Wakeleys applied for another variance to enlarge the residence to 14 rooms, again for senior citizen residents. Respondent Town of Milton Zoning Board of Appeals approved the variance. Petitioner was not present at the hearing before the Board and, apparently, there was no opposition expressed. Petitioner commenced this CPLR article 78 proceeding challenging the Board's decision and a related action seeking injunctive relief. Petitioner also included the Wakeleys as respondents and asserted a claim that their proposed renovation violated restrictive covenants in their deed. Supreme Court dismissed the proceeding and action for lack of standing, and also denied petitioner's subsequent motion for reargument or renewal. Petitioner appeals.

Town Law § 267 (7) gives standing to "[a]ny person or persons, jointly or severally aggrieved by any decision of the [zoning] board of appeals". The Court of Appeals recently discussed the concept of standing to challenge zoning decisions in *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals* (69 NY2d 406). "As in any other challenge to administrative action, a 'petitioner need only show that the administrative action will in fact have a harmful effect on [it] and that the interest asserted is arguably within the zone of interest to be protected by the statute.' " *(Supra,* at 412, quoting *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9.) In zoning matters particularly, standing should be liberally construed so that land use disputes are resolved on their own merits rather than by preclusive restrictive standing rules *(see, supra,* at 413; *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 5). In order to satisfy the first part of the test for standing, neighboring landowners, while not needing to show actual injury, must show that they are in close enough proximity to the land under consideration that the effect of the proposed change is more than that suffered by the public generally *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra,* at 414). This is essentially a *sui generis* inquiry. For the second part of the test, the neighbors must demonstrate that the interests they seek to protect are a proper concern of zoning laws *(see, supra,* at 415).

In the instant case, the papers used to commence the litigation, which included a petition and a complaint, are not particularly detailed in alleging either proximity to the subject property or what interest petitioner is seeking to protect. However, the papers in support of the motion for renewal contain allegations dealing with both issues. While it is true that a motion to renew should not be used to submit facts which could have been presented on the first motion *(see, Matter of Hooker v Town Bd.,* 60 AD2d 684, 685), in the instant case there does not appear to have been a motion to dismiss based upon lack of standing or any other ground. Respondents answered and raised the standing issue, but never formally moved to dismiss. Had such a motion been made, petitioner would presumably have opposed by raising the allegations made in the renewal motion. Thus, on the facts of this case, we choose to exercise our discretion and grant the motion to renew.

Upon consideration of the allegations in the pleadings and the motion papers, it is our view that petitioner has standing to challenge the Board's decision. Petitioner's property sur-

rounds the Wakeleys' parcel on three sides and her home is one quarter of a mile from the parcel. Considering these facts in light of the liberal interpretation of standing in zoning, cases, petitioner has established that her property is close enough to the subject parcel that she is affected more than the public generally. Further, the interests petitioner seeks to protect concern the beauty and character of the property, traffic and noise. Since these are appropriate concerns of zoning laws *(see, Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd.,* 69 AD2d 320, 324), the second part of the standing test, i.e., that the interest to be protected be within the zone of interests sought to be protected by the statute, is satisfied. We therefore conclude that petitioner has standing to challenge the decision of the Board and that the litigation should proceed for a determination on the merits.

Finally, to the extent that this proceeding contains a cause of action against the Wakeleys to enforce a restrictive covenant in their chain of title, the facts in the present record are insufficient to determine whether petitioner may enforce such a covenant as an intended beneficiary of such covenant *(see generally,* 43 NY Jur 2d, Deeds, § 203, at 393-395).

Order reversed, on the facts, without costs, and motion to renew granted.

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed the petition and complaint, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.