■ In the Matter of HENRY C. MAZURKIEWICZ, Doing Business as NEW WINTHROP DELI, Appellant, v ERWIN LEVINE et al., Constituting the Zoning Board of Appeals of the City of Saratoga Springs, et al., Respondents, and BRIAN D. LEE et al., Intervenors-Respondents.—Levine, J. Appeals (1) from a judgment of the Supreme Court (Brown, J.), entered January 10, 1989 in Saratoga County, which dismissed petitioner's applications, in two proceedings pursuant to CPLR article 78, to, *inter alia,* review determinations of respondent Zoning Board of Appeals of the City of Saratoga Springs denying petitioner's requests for use and area variances, (2) from an order of said court, entered April 3, 1989 in Saratoga County, which denied petitioner's motion for reargument, and (3) from an order of said court, entered April 14, 1989 in Saratoga County, which granted intervenors' motion to intervene.

In 1984, petitioner purchased property located at 223 Lake Avenue in the City of Saratoga Springs, Saratoga County. Petitioner has used the premises for a mixed residential/commercial purpose, with the front portion of the building used to operate a grocery store and delicatessen selling a variety of packaged and prepared foods. The property is located in an area zoned R-3 for two-family residences. In 1987 and 1988, certain improvements were made to upgrade and fireproof the kitchen and front room for commercial purposes and to build an addition to the residential portion of the building. After being advised by the building inspector that his property did not conform to the Saratoga Springs City Code in several respects, petitioner applied to the building inspector for permission to continue as a mixed residential and commercial use as a delicatessen with an on-premises eating area, outside walk-in cooler, an eight-foot-high fence to surround the cooler, a wall sign and a freestanding sign. The application was denied on the grounds that the restaurant use was not permitted in an R-3 zone and the conversion of a former garage to a kitchen and the conversion of living

quarters to commercial dining areas was an extension of the previously existing nonconforming use as a neighborhood grocery. The fencing and signs were also determined to violate the City Code.

Petitioner then appealed to respondent Zoning Board of Appeals of the City of Saratoga Springs (hereinafter the Board) seeking an interpretation that the use was a proper preexisting nonconforming use with respect to the kitchen, eating area and parking area since the combination grocery store and deli had been in existence for many years under several owners. Alternatively, petitioner sought a use variance for the kitchen, eating area and parking area. Variances were also requested for the cooler, fence and signs.

The first hearing was limited to the request for an interpretation under the local zoning ordinance. At the hearing petitioner adduced evidence that a room which was formerly a garage was used as a kitchen by a previous owner and that the business operated as a combination grocery store and deli. Petitioner withdrew his request for an interpretation that on-premises food consumption was a proper nonconforming use in light of evidence that such use was not continuous in nature. The Board denied the interpretation requested and petitioner commenced a proceeding pursuant to CPLR article 78 challenging the Board's determination.

Hearings were then held regarding petitioner's request for use and area variances. Petitioner submitted evidence indicating that he was required to upgrade the existing kitchen facilities to conform to new State standards. The evidence indicated that $15,476 was expended to improve the facilities, $25,000 was invested in new equipment and $55,000 was spent on a residential addition. A letter from a real estate brokerage company stated that the best use of the premises in 1984 was as a grocery and deli since the building was too small to qualify for use as a two-family residence and the cost of conversion to a permitted use was not feasible. The letter also stated that as result of petitioner's renovations, the value of the building has increased to $200,000 and that to obtain a reasonable return on the $200,000 investment, the business needed to increase gross receipts by $47,600 per year. Petitioner also submitted survey results which he contended showed local support for his proposals. At the conclusion of the hearing, the Board granted a use variance for a commercial kitchen and deli to allow for sale of prepared foods and an area variance for a wall sign. The Board denied petitioner's requests for other variances to permit an on-premises eating

area, freestanding sign, outside walk-in cooler and fence to surround the cooler.

Petitioner thereafter commenced a second CPLR article 78 petition to challenge the Board's second determination and several residents in the neighborhood moved to intervene. Supreme Court dismissed the petitions, finding that the installation of additional equipment and the scope of the proposed business constituted a dramatic change and expansion of the commercial use. The court determined that the denial of the variances was rational in light of evidence indicating that an on-premises eating area would increase traffic congestion and parking requirements and would detract from the residential character of the neighborhood. Supreme Court also upheld as rational the Board's finding that the outside cooler was not necessary and that no hardship justified the freestanding sandwich board sign. The petitions were dismissed and the motion seeking permission to intervene was determined to be moot.

Petitioner then moved to reargue and intervenors again sought permission to intervene. Supreme Court denied the motion to reargue but granted the motion to intervene. Petitioner appeals from the judgment dismissing the petitions, the order denying reargument and the order granting intervention.

The only issue raised in this appeal which merits extended discussion is petitioner's claim that the Board erred in denying him use and area variances. Specifically, petitioner contends that the Board's decision to deny the use variances for the on-premises eating area, freestanding sign and walk-in cooler was arbitrary since the evidence demonstrated that these variances were necessary to allow a reasonable financial return. We disagree. Although petitioner presented sufficient evidence that he could not realize a reasonable return under permitted uses, there was no "concrete proof" that the eating area or freestanding sign would generate increased sales and, thus, were necessary for a reasonable return (see, Matter of Village Bd. v Jarrold, 53 NY2d 254, 259-260). In addition, the Board could rationally conclude that sufficient cooler space existed inside the building and the outside cooler was not necessary. The denial of the area variance to allow a fence to conceal the cooler was likewise rational.

We also conclude that Supreme Court's decision granting intervention was not an abuse of discretion (see, Matter of Rosch v Town of Milton Zoning Bd. of Appeals, 142 AD2d 765,

766). Finally, we note that no appeal lies from an order denying a motion to reargue *(Bernstein v Romas,* 149 AD2d 835).

Judgment entered January 10, 1989 affirmed, order entered April 14, 1989 affirmed, and appeal from order entered April 3, 1989 dismissed, with one bill of costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.