■ In the Matter of DOREEN MASSIELLO et al., Appellants, v TOWN BOARD OF THE TOWN OF LAKE GEORGE, Respondent. [684 NYS2d 330] —Crew III, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered June 5, 1998 in Warren County, which, *inter alia,* in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment,

granted respondent's motion to dismiss the petition/complaint on the ground that petitioners lacked standing.

In an effort to expand tourism in the Town of Lake George in Warren County, respondent adopted several amendments to its zoning ordinance. As a consequence petitioners, who are property and business owners in the Town, commenced this combined CPLR article 78 proceeding and action for declaratory judgment alleging that the amendments were adopted for the purpose of benefitting the owner of a resort known as Wild West Stables and seeking, *inter alia*, a declaration that such amendments are null and void. Respondent moved to dismiss upon objections in point of law and Supreme Court granted the motion on the ground that, *inter alia*, petitioners lacked standing.

Standing exists when a party challenging an administrative action can show that such action will have a harmful effect and that the resulting harm is different from that suffered by the public at large (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774). In that regard, an allegation of close proximity alone may give rise to an inference of injury enabling a nearby owner to challenge an administrative determination without proof of actual injury (*see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 414). Moreover, standing should be liberally construed so that land use disputes are settled on their own merits rather than by preclusive, restrictive rules (*see, Matter of Rosch v Town of Milton Zoning Bd. of Appeals*, 142 AD2d 765, 766). Finally, on a motion to dismiss a petition upon an objection in point of law, all of the allegations contained in the petition are deemed to be true (*see, Matter of De Paoli v Board of Educ.*, 92 AD2d 894). With these principles in mind, it is clear that the allegations in the petition, together with the facts contained in the affidavits of two of the five petitioners, are sufficient for the purposes of establishing standing with respect to petitioners Doreen Massiello, Jean Gillette and Jack Gillette.

Here, the petition alleges that Massiello owns property in the Town that is directly adjacent to Wild West Stables, thereby permitting an inference of harm and, further, that the harm suffered is different from that of the public at large (*see, Matter of Heritage Co. v Belanger*, 191 AD2d 790, 791). Additionally, Massiello, in an affidavit submitted in connection with this proceeding/action, alleges that her business will be directly affected by the actions of respondent because her property is subject to the odors from the stables of Wild West Stables, the flies and insects generated by said stables and the

noise from events held there. Jack Gillette also submitted an affidavit in connection with this proceeding/action in which he asserted that he and his wife, Jean Gillette, who own property directly adjacent to Wild West Stables, would be injured by the increased noise from events held at that location and by the odors and insects generated by the increase in horses and cattle permitted by reason of the amendment to respondent's zoning ordinance. Clearly, these petitioners have alleged direct harm different in kind and degree from any injury to the public at large.* We have examined the remaining arguments raised on appeal, including petitioners' assertion that Supreme Court erred in failing to recuse itself and respondent's contention that this proceeding/action should be dismissed for failure to exhaust administrative remedies, and find them to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondent's motion to dismiss the petition/complaint as to petitioners Doreen Massiello, Jean Gillette and Jack Gillette; motion denied to that extent; and, as so modified, affirmed.

---

* As to petitioners Dawn Koncikowski and Gary Koncikowski, we agree with Supreme Court that they have failed to establish standing to maintain this proceeding/action.