■ In the Matter of MICHAEL P. SOPCHAK, Appellant, v MAHLON GUERNSEY, as Chairman of the Zoning Board of Appeals of the Town of Windsor, Respondent.—Casey, J. P. Appeal from a judgment of the Supreme Court (Coutant, J.), entered November 9, 1990 in Broome County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioner's lack of standing.

Petitioner timely commenced this CPLR article 78 proceeding to annul a determination of the Zoning Board of Appeals of the Town of Windsor which granted the application of Paul Roberts and Pauline Roberts for a variance to permit placement of a mobile home on a lot in Broome County that was zoned to preclude such use. Respondent's answer included as an affirmative defense petitioner's lack of standing to maintain this proceeding. Supreme Court held that petitioner failed to establish standing because he did not allege any pecuniary damages or property depreciation to support a claim that he was aggrieved. Petitioner appeals from the judgment which dismissed his petition.

In *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals* (69 NY2d 406, 414), the Court of Appeals said that "an allegation of close proximity alone may give rise to an inference of damage or injury that enables a nearby owner to challenge a zoning board decision without proof of actual injury". Petitioner alleges that he owns property within 500 feet of the subject property and that he will be adversely affected by the challenged determination. This court has previously found substantially similar allegations to be sufficient for standing purposes *(see, Matter of Friends of Woodstock v Town of Woodstock Planning Bd.,* 152 AD2d 876, 878). The court in *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals (supra,* at 414) indicated that despite close proximity, a petitioner's status may be challenged on the ground that the interest being asserted is not arguably within the zone of interest which the regulation is designed to protect. Here,

however, the record contains no allegation that petitioner is asserting an interest which is outside the zone of interest to be protected by the zoning regulation. Based upon this court's holding in *Matter of Friends of Woodstock v Town of Woodstock Planning Bd. (supra)*, we conclude that the requisite showing of standing has been made to withstand respondent's objection and, therefore, the judgment dismissing the petition must be reversed. We reach no other issue, but we note that the lot owners who were granted the variance are parties who ought to be joined (CPLR 1001).

Weiss, Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.