■ In the Matter of VICTORIA L. PARISELLA, Appellant, v TOWN OF FISHKILL et al., Respondents. [619 NYS2d 169] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hillery, J.), entered March 10, 1992 in Dutchess County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition on collateral estoppel grounds.

Respondents Thalle Industries, Inc., Thalle Construction Company, Inc. and North State Associates (hereinafter collectively referred to as Thalle) are the owners and operators of a rock and gravel quarry located in the Town of Fishkill, Dutchess County. Petitioner owns property located approximately 1,700 feet away from said plant. When the Town of Fishkill Zoning Board of Appeals granted Thalle a use variance permitting the temporary production of asphalt, petitioner commenced a CPLR article 78 proceeding to set aside the Zoning Board's determination. Respondents moved to dismiss the petition upon objections in point of law and Supreme Court granted the motion on the ground that petitioner lacked standing. On appeal, we affirmed on the ground of mootness and petitioner's failure to exhaust her administrative remedies *(Matter of Parisella v Zoning Bd. of Appeals of Town of Fishkill,* 188 AD2d 712, 713, *lv denied* 82 NY2d 653). We did not reach the issue of standing *(supra).*

Thereafter, respondent Town Board of the Town of Fishkill (hereinafter the Board) amended Thalle's existing soil mining permit to allow the erection and operation of a temporary asphalt plant. Petitioner then commenced the instant CPLR article 78 proceeding for a judgment annulling the Board's

determination authorizing Thalle to operate the asphalt plant. Thalle moved to dismiss the petition upon the ground that, *inter alia,* petitioner was barred from maintaining the proceeding by reason of the doctrine of res judicata. Respondent Town of Fishkill and the Board also moved to dismiss the petition. Supreme Court determined that petitioner was collaterally estopped from challenging the determination of the Board and dismissed the petition. This appeal ensued.

While Supreme Court previously determined that petitioner lacked standing to challenge the Board's determination, this Court affirmed Supreme Court's dismissal on the grounds of mootness and failure to exhaust administrative remedies and did not reach the issue of standing. Accordingly, Supreme Court's prior holding on standing is not entitled to any preclusive effect *(see, Royal Ins. Co. v Citizens Developers,* 200 AD2d 804, *lv denied* 83 NY2d 758). While Supreme Court did not address the issue of petitioner's standing in the instant proceeding, inasmuch as it did so in the prior proceeding, we will entertain the issue in the interest of judicial economy.

Standing exists when a party challenging an administrative act can show that such action will have a harmful effect and that the resulting harm is different from that suffered by the public at large *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774). In that regard, an allegation of close proximity alone may give rise to an inference of injury enabling a nearby owner to challenge an administrative determination without proof of actual injury *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 414). Moreover, standing should be liberally constructed so that land use disputes are settled on their own merits rather than by preclusive, restrictive standing rules *(see, Matter of Rosch v Town of Milton Zoning Bd. of Appeals,* 142 AD2d 765, 766). Finally, on a motion to dismiss a petition upon an objection in point of law, all of the allegations contained in the petition are deemed to be true *(see, Matter of De Paoli v Board of Educ.,* 92 AD2d 894) and the facts contained in the petition must be considered in their most favorable light *(see, Hondzinski v County of Erie,* 64 AD2d 864). With these principles in mind, it is clear that the allegations in the petition are sufficient for the purposes of standing.

Here, the petition alleges that petitioner's property is in close proximity to the asphalt plant, permitting an inference of harm and, further, that the harm is different from that of the public at large *(see, Matter of Heritage Co. v Belanger,* 191 AD2d 790, 791). Additionally, petitioner alleges that the oper-

ation of the plant will injure her by reason of increased air emissions, increased noise and offensive odor, all of which, by reason of petitioner's proximity to the plant, are different in kind and degree from injury to the public at large. Accordingly, the petition should not have been dismissed.

Mikoll, J. P., Casey and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, motions denied and respondents are directed to answer the petition within 20 days of the date of this Court's decision.