■ In the Matter of ANTHONY J. AMODEO et al., Appellants, v TOWN BOARD OF TOWN OF MARLBOROUGH et al., Respondents. [672 NYS2d 439] —Peters, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 12, 1997 in Ulster County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted certain respondents' motions to dismiss the amended petition/complaint.

In July 1995, Richard Gerentine approached respondent Planning Board of the Town of Marlborough in Ulster County, proposing construction of a senior citizen housing complex. At that time, applicable zoning regulations did not permit the construction of the project as a permitted use in the Town's residential R or R-1 districts. Thereafter, respondent Town Board of the Town of Marlborough proposed the adoption of Local Laws, 1995, No. 5 of the Town of Marlborough (hereinafter Local Law No. 5) to amend its applicable zoning laws to permit the construction of affordable senior citizen housing as a special use in both residential districts. The published legal notice advising of a public hearing concerning proposed Local Law No. 5, however, stated that it was to amend the zoning regulations by adding certain definitions of "affordable senior citizen housing" and to allow for such housing as a permitted special use in the R-1 district. After public hearings the Town Board, on or about November 13, 1995, enacted a version of Local Law No. 5 which, *inter alia*, permitted affordable senior citizen housing as a special use in both the R and R-1 districts.

With construction of a senior citizen housing complex in both residential districts now allowed by special use permit, Gerentine applied to the Planning Board for such permit under the name of Marlborough Associates, L.P. Following public hearings and environmental review pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), Marlborough Associates was ultimately granted a special use permit for construction of a senior citizen housing complex on property located in the R district. Construction of the project

was to be funded, in part, by respondents Hudson Valley Affordable Housing Finance Corporation and Hudson Valley Housing Opportunity Fund L. L. C., (hereinafter collectively referred to as the financial institutions), and overseen by respondents New York State Division of Housing and Community Renewal and New York State Housing Trust Fund Corporation (hereinafter collectively referred to as the State respondents).

Petitioners, owners of real property located in the R district, thereafter commenced this combined CPLR article 78 proceeding and action for a declaratory judgment against the Planning Board, the Town Board, the financial institutions and the State respondents seeking a judgment declaring Local Law No. 5 invalid and annulling the issuance of the special use permit and site plan approval. In response thereto, the State respondents moved to dismiss all claims asserted against them as premature since they had not yet granted final approval of the Marlborough Associates application for financing. The Town Board moved to dismiss, as untimely, claims contending that Local Law No. 5 was invalid due to the publication of insufficient notice and a failure to comply with both SEQRA and the Town Code. The Planning Board also sought dismissal on, *inter alia*, timeliness grounds concerning the challenge to its issuance of the special use permit and approval of the site plan, as well as an alleged failure to comply with SEQRA.

Supreme Court, finding that the four-month limitations period applicable to CPLR article 78 proceedings also applied to that portion of the amended petition/complaint (hereinafter the amended petition) seeking a judgment declaring Local Law No. 5 invalid, granted the Town Board's motion in its entirety, granted the State respondents' motion to dismiss by finding the claims to be premature and, although failing to dismiss the claims against the Planning Board on the ground asserted, ultimately dismissed the petition after addressing the merits. Petitioners appeal.

Although we find that Supreme Court properly dismissed those contentions asserted against the Town Board regarding its alleged failure to comply with SEQRA or other provisions of the Town Code in connection with its enactment of Local Law No. 5 as untimely (*see*, CPLR 217 [1]), we find that it erred in applying the four-month limitations period applicable to CPLR article 78 proceedings to the insufficient notice claim asserted in connection with the declaratory judgment action. Our examination of the substance thereof reveals that the alleged defect in the published notice constitutes a substantive error which

could not have been resolved in a CPLR article 78 proceeding (*see, Annenberg v Environmental Control Bd.*, 220 AD2d 634; *41 Kew Gardens Rd. Assocs. v Tyburski*, 124 AD2d 553, *lv denied* 68 NY2d 612; *see also, Matter of Gernatt Asphalt Prod. v Town of Sardinia*, 87 NY2d 668; *Matter of Llana v Town of Pittstown*, 234 AD2d 881).

As to the dismissal of the claims against the State respondents, we agree that the administrative action sought to be reviewed was not yet final (*see, Weingarten v Town of Lewisboro*, 77 NY2d 926) since discretion was retained to change or withhold all funding preliminarily committed unless all conditions, including a review of the applicant's legal status, had been satisfied.

Before proceeding to Supreme Court's review of the Planning Board's motion to dismiss, wherein it was determined that the challenge to SEQRA compliance and the issuance of the special use permit and site plan approval was timely commenced, we must address whether the failure to join Marlborough Associates or Gerentine as a party to this action was in error (*see*, CPLR 1001 [a]). Since Marlborough Associates and/or Gerentine could be affected by a judgment either declaring Local Law No. 5 invalid or annulling the SEQRA declaration or the issuance of the special use permit, we conclude, after reviewing the relevant factors set forth in CPLR 1001 (b), that Marlborough Associates and/or Gerentine was an indispensable party to this proceeding (*see, Matter of Llana v Town of Pittstown*, 245 AD2d 968). In so finding, petitioners are now precluded from proceeding on any claim that may not be able to be timely recommenced against such indispensable party (*see, Matter of Llana v Town of Pittstown*, 234 AD2d 881, 884, *supra*). Since the Statutes of Limitations applicable to both the challenge to the site plan approval and special use permit (*see*, Town Law § 274-a [11]; § 274-b [9]), as well as the remaining procedural contentions raised within the context of the CPLR article 78 proceeding against the Planning Board, have expired (*see*, CPLR 217), all claims other than that supporting the action for a declaratory judgment must be dismissed as was done by Supreme Court, albeit on other grounds. Contrary to petitioners' contention that the identity of the necessary party was in doubt at the time of the commencement of this proceeding, we find the record replete with references to Gerentine as the authorized agent of Marlborough Associates as the proposed entity (*see, Matter of Baker v Town of Roxbury*, 220 AD2d 961, *lv denied* 87 NY2d 807).

Accordingly, we modify the judgment of Supreme Court by

reversing so much thereof as granted the Town Board's motion to dismiss that part of the action for declaratory judgment relating to the publication of insufficient notice.

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion of respondent Town Board of the Town of Marlborough dismissing that part of the declaratory judgment action based on the publication of insufficient notice; motion denied regarding said claim; and, as so modified, affirmed.