■ In the Matter of JOHN P. AYRES et al., Appellants, v NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE, Respondent. [675 NYS2d 678] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered October 29, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as untimely.

Petitioners are defendants in an action pending in Supreme Court in Broome County filed by McIntosh Builders, Inc., a Delaware corporation. In September 1995, McIntosh's authorization to do business in New York was revoked due to nonpayment of corporate franchise taxes. Petitioners then moved to dismiss the Broome County action pursuant to Business Corporation Law § 1312 (a), which prohibits a foreign corporation from maintaining an action in this State unless it is authorized to do business herein and has paid all required fees and taxes. On September 25, 1996, Broome County Supreme Court granted McIntosh 60 days to reestablish its authority to do business in New York.

On November 25, 1996, respondent issued a tax certificate to McIntosh attesting to payment of outstanding franchise taxes, penalties and interest. The same day, respondent also notified the court that as a result of that payment, McIntosh had been authorized to operate in good standing in the State. It is

uncontroverted, however, that prior to its reinstatement, McIntosh owed New York a total of $46,849.47, representing franchise, withholding and sales taxes, and that prior to gaining reinstatement paid only its franchise taxes totaling $7,036. On June 30, 1997, Broome County Supreme Court, while noting that McIntosh had not paid all outstanding taxes as required by Business Corporation Law § 1312 (a) and therefore should not have been authorized to do business in New York, permitted it to proceed with its action against petitioners on the basis of respondent's reinstatement.*

After unsuccessfully seeking an opinion of counsel from respondent as to whether McIntosh was improperly reinstated, petitioners commenced this CPLR article 78 proceeding on August 7, 1997, returnable August 29, 1997, seeking, *inter alia*, to annul the determination reauthorizing McIntosh to do business in the State. Although a copy of the notice of petition and petition was sent to counsel for McIntosh, the latter was not joined as a party in the proceeding.

Respondent moved to dismiss the petition upon the sole ground that the proceeding was untimely pursuant to CPLR 3211 (a) (5). Petitioners challenged the timeliness of respondent's motion to dismiss, which was mailed on August 22, 1997. Supreme Court ruled that the motion was timely served and dismissed the petition as barred by the four-month Statute of Limitations, holding that petitioners were aggrieved by respondent's determination, if at all, no later than January 14, 1997 when counsel for petitioners concededly received a copy of the challenged certificate. This appeal ensued.

Contrary to petitioners' claim that Supreme Court erred in ruling that respondent's motion to dismiss was timely, we have unequivocally resolved this issue by holding that the additional five-day period to be added for service by mail under CPLR 2103 (b) (2) does not apply to CPLR article 78 motions to dismiss (*see, Matter of Harvey v New York State Dept. of Envtl. Conservation*, 235 AD2d 625). Respondent's mailing of its motion to dismiss on August 22, 1997 comported with the time period prescribed therefor (*see,* CPLR 7804 [f]).

Turning to the merits of their claim, petitioners argue that this proceeding was not time barred because respondent's November 25, 1996 reinstatement of McIntosh did not adversely impact upon them until June 30, 1997 when Broome County Supreme Court ruled that in view of the reinstate-

---

* Petitioners have appealed this ruling, and the matter is scheduled for argument at the September 1998 term of this Court.

ment, whether properly granted or otherwise, McIntosh would be permitted to prosecute its action. In support of this argument, they note that since Business Corporation Law § 1312 (a) conditions a foreign corporation's ability to maintain an action in this State upon its authorization to do business in the State *and* its payment of all outstanding tax liabilities, and that since as of June 30, 1997 McIntosh owed approximately $38,000 in unpaid taxes, they reasonably expected Supreme Court to preclude McIntosh from maintaining the action for failure to comply with Business Corporation Law § 1312 (a). Despite this argument, the fact remains that respondent's decision to reinstate McIntosh was a discrete determination, unambiguous and with certain effect, of which petitioners were aware in January 1997, at the latest. At that point, the statutory limitations period commenced to run (*see, Matter of Edmead v McGuire*, 67 NY2d 714, 716). And just as petitioners allege that they did not become aggrieved until Broome County Supreme Court ruled upon the effect of the reinstatement on McIntosh's ability to maintain the action, the mechanism of their aggrievement was not respondent's determination per se, but rather Supreme Court's allegedly erroneous ruling in the face of the plain language of Business Corporation Law § 1312 (a). As noted, that claim forms the basis of the pending appeal, and will be addressed accordingly.

Finally, respondent contends, for the first time on appeal, that dismissal was required due to petitioners' failure to join McIntosh as a necessary party. Petitioners counter that the objection is unpreserved. "[T]he absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion" (*Wrobel v La Ware*, 229 AD2d 861). A party whose interests may be inequitably affected by a judgment must be made a party to the action (*see*, CPLR 1001 [a]). This rule applies to CPLR article 78 proceedings (*see, Matter of Dudley v Kerwick*, 52 NY2d 542, 547, 552). As the object of the proceeding was to annul respondent's reinstatement of McIntosh's corporate status in New York, and the concomitant effect on its ability to maintain the Broome County action, McIntosh clearly had a stake in the outcome within the purview of CPLR 1001 (a). Thus, petitioners' failure to join McIntosh as a necessary party would also have required dismissal of the petition.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.