■ In the Matter of RONALD TECLER, Appellant, v LAKE GEORGE PARK COMMISSION, Respondent. [689 NYS2d 540] —Spain, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered September 28, 1998 in Warren County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to join a necessary party.

Petitioner owns a parcel of lakefront property on Lake George in the Town of Hague, Warren County; his shoreline is adjacent to a lakefront parcel owned by Herman Weiss. Pursuant to rules affecting property lines as they enter the Lake and regulating the new construction of docks, wharfs and moorings (initially adopted in 1981 by respondent's predecessor, the Department of Environmental Conservation [hereinafter DEC]), existing docks, wharfs and moorings were required to be registered by January 1, 1982 (see, 6 NYCRR 645-2.1 [x]). Thereafter, in view of the apparently large number of property owners who had not timely registered existing docks, wharfs and moorings, DEC administratively determined that it would continue to accept such registration applications under the common-law rules, provided each applicant could demonstrate with evidence that the dock, wharf and/or mooring existed before July 3, 1981. After the Legislature in 1987 transferred responsibility for the registration and regulation of docks, wharfs and moorings on Lake George to respondent (see, ECL 43-0117), this practice was continued, respondent determining that treating all unregistered pre-1981 docks, wharfs and moorings as unlawful structures would be "extremely disruptive".

In September 1997, Weiss, a nonagenarian represented by nephews, applied to respondent to register an existing wharf and mooring. Weiss submitted evidence that these structures existed on his shoreline and had been utilized by his family since the 1950s. Petitioner contested this documentation asserting that Weiss had not maintained a wharf or mooring before 1981. After an inspection of the site, and upon hearing and reviewing arguments and submissions of both sides at its March 1998 meeting, respondent granted Weiss' application to register his wharf and granted permission for the continued use of his mooring, finding that these structures had existed prior to 1981.

Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's determination regarding Weiss'

application as arbitrary and capricious, unlawful and not supported by substantial evidence. Petitioner also sought related declaratory relief. Importantly, the petition did not name Weiss as a party-respondent and respondent raised this nonjoinder issue, *inter alia*, in its answer as an objection in point of law. Supreme Court dismissed the petition for failure to join a necessary party, i.e., Weiss, and subsequently denied petitioner's reargument motion.

Petitioner's contention on appeal that Weiss is not a necessary party to this proceeding is entirely without merit. It is patently clear that Weiss, the owner of the subject real property to whom the challenged registration and permission were issued, will be adversely and inequitably affected if the relief requested in the petition is granted (*see*, CPLR 1001 [a]; *Matter of Llana v Town of Pittstown*, 245 AD2d 968, 969, *lv denied* 91 NY2d 812; *Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963, *lv denied* 87 NY2d 807). Significantly, petitioner is not merely seeking declaratory relief pertaining to respondent's policy of registering nonconforming docks and wharfs as preexisting, as he now claims; rather, the petition directly and unmistakably challenges respondent's specific favorable determination on Weiss' applications. Both the agency whose administrative determination is challenged—here, respondent—and the beneficiary of that agency's determination whose lakefront property rights are to be directly and adversely affected—here, Weiss—were necessary parties each of whom petitioner was required to timely join in this CPLR article 78 proceeding (*see, Matter of Baker v Town of Roxbury, supra*; *see also*, CPLR 7802, 1001 [a]). Indisputably, petitioner, having appeared before respondent in opposition to Weiss' application, was aware that Weiss owned the subject parcel and had applied for and obtained the registration and permission; thus, there was no question as to the identity or status of the owner (or his representatives) (*see, id.*, at 964).

The case of *Matter of Castaways Motel v Schuyler* (24 NY2d 120), upon which petitioner principally relies, is not to the contrary. As Supreme Court aptly noted herein, *Matter of Castaways* "has no precedential value in the instant case" involving petitioner's challenge to an administrative determination affecting Weiss' use of his real property and shoreline.

Petitioner's primary proffered excuse for failing to join Weiss is that the State has not proven that Weiss is "subject to the jurisdiction of the court" within CPLR 1001 (b) as a resident of this State. However, petitioner has not demonstrated that he endeavored to serve or obtain jurisdiction over Weiss (or his in-

State representatives) based upon his ownership of real property in this State (*see*, CPLR 302 [a] [4]) or otherwise, or even to obtain his consent to jurisdiction or his voluntary appearance (*see*, CPLR 1001 [b]). In our view, petitioner has not offered any legitimate basis upon which to excuse his failure to name Weiss as a respondent in this special proceeding. Accordingly, Supreme Court properly exercised its discretion in concluding that Weiss was a necessary party and that petitioner's failure to join him warranted dismissal of the petition.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.