■ In the Matter of JOHN O'CONNELL et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF NEW SCOTLAND et al., Respondents. [699 NYS2d 775] —Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 20, 1998 in Albany County, which, *inter alia*, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to join a necessary party.

Michael Tuzzolo is the owner of real property located in the residential agricultural zoning district of the Town of New Scotland, Albany County, where he has operated a trucking and excavating business essentially since 1969. Upon notification in March 1997 that this business was not a permitted use in this zoning district, Tuzzolo applied to respondent Zoning Board of Appeals of the Town of New Scotland for a use variance to allow him to continue his business. On January 27, 1998, the Zoning Board held a public hearing resulting in a de-

cision, filed on February 10, 1998, granting Tuzzolo's variance application.

Petitioners then commenced this CPLR article 78 proceeding to annul the Zoning Board's decision, but only named the Zoning Board and the Town as respondents. The Zoning Board moved to dismiss the petition, *inter alia*, for failure to join Tuzzolo as a necessary party prior to the expiration of the Statute of Limitations. Petitioners cross-moved seeking, *inter alia*, an order excusing joinder of Tuzzolo or leave to join him if Supreme Court determined that he is a necessary party. Supreme Court granted the Zoning Board's motion and dismissed the petition for failure to join a necessary party (Tuzzolo) prior to the expiration of the Statute of Limitations. Petitioners now appeal and we affirm.

The use variance granted to Tuzzolo permits the continuation of his business that has been in existence for more than 28 years, and annulment of the Zoning Board's decision might have forced Tuzzolo to close or relocate this business. It is therefore unmistakably clear, as Supreme Court correctly concluded, that Tuzzolo, the owner of the subject real property to whom the challenged use variance was issued, might well have been inequitably and adversely affected if the relief requested in the petition had been granted and, thus, he was a necessary party (*see, Matter of Tecler v Lake George Park Commn.*, 261 AD2d 690, 691, *lv denied* 94 NY2d 751; *Matter of Llana v Town of Pittstown*, 245 AD2d 968, 968-969, *lv denied* 91 NY2d 812; *Matter of Llana v Town of Pittstown*, 234 AD2d 881, 883-884; *Matter of Sopchak v Guernsey*, 176 AD2d 403, 404; *see also*, CPLR 1001 [a]).

Petitioners appeared* before the Zoning Board at the public hearing in opposition to the granting of the use variance, and were undisputably aware that Tuzzolo owned the subject property and had applied for a use variance. Plainly, there was no question as to Tuzzolo's identity. Additionally, Tuzzolo did not voluntarily appear in the action and joining him under these circumstances after the Statute of Limitations has expired is

---

* As an alternative ground for affirmance, respondents argue (as they did in moving to dismiss) that petitioners failed to demonstrate their standing to challenge the Zoning Board's decision granting the use variance. However, petitioners alleged that their real property is adjacent to and across the road from the subject property, which is sufficient to support an inference of injury to them different from that suffered by the public at large and, thus, to establish their standing to bring this challenge (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 414; *Matter of Sopchak v Guernsey*, 176 AD2d 403, *supra*).

not favored by the courts (*see, Matter of Llana v Town of Pitts-town*, 234 AD2d 881, 884, *supra; Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935; *see also, Matter of Ernst v New York State Exec. Dept.*, 246 AD2d 738, 739, *lv denied* 91 NY2d 812; *cf., Matter of Town of Preble v Zagata*, 250 AD2d 912, 913; *Matter of Greco v Trincellito*, 188 AD2d 963, 964).

Addressing petitioners' contention that the use variance decision was not final because it contained vague conditions and, thus, the limitations period had not begun to run, Town Law § 267-c (1) provides that a proceeding to review a zoning board decision must be commenced within 30 days after the decision is filed in the office of the town clerk. In addition, Town Law § 267-b (4) specifically confers the authority on the Zoning Board, in the granting of use variances, to impose reasonable conditions and restrictions directly related to and incidental to the proposed use of the property, and which are consistent with the zoning ordinance or local law, in order to minimize any adverse impact such variance may have on the neighborhood or community.

The Zoning Board's decision required Tuzzolo to "abide by all his proposed methods to minimize the impact of his business including, but not limited to" the erection of a slip fence, landscaping, improving the appearance of the property, specified restrictions on business hours and approval of the operation by other involved State and local agencies. That the use variance was conditioned upon successful reviews and approvals by other agencies did not alter the fact that the variance became final and binding as to petitioners on the date it was filed (*see, Matter of Long Is. Pine Barrens Socy. v Planning Bd.*, 247 AD2d 395, 396; *Matter of Westage Dev. Group v White*, 149 AD2d 790, 791-792, *lv denied* 74 NY2d 609). Further, petitioners have not demonstrated that the conditions were either insufficiently specific or that they exceeded the Zoning Board's authority pursuant to Town Law § 267-b (4).

We also reject petitioners' contention that the Statute of Limitations was tolled. Town Law § 267-a (1) requires that the vote of the Zoning Board be recorded in the "minutes of its proceedings" and not, as petitioners contend, in the Zoning Board's decision. While the failure to so reflect the vote of each member may operate to toll the Statute of Limitations (*see, Matter of McCartney v Incorporated Vil. of E. Williston*, 149 AD2d 597, 598), the Zoning Board's minutes (submitted to Supreme Court) clearly set forth the vote of each Zoning Board member which resulted in a 3 to 1 vote in favor of granting the

use variance. Therefore, the Statute of Limitations was not tolled based upon noncompliance with Town Law § 267-a (1).

Petitioners additionally contend that the Statute of Limitations has not begun to run due to an alleged jurisdictional defect, i.e., the Zoning Board acted upon an impermissibly vague variance application which failed to provide notice of the relief sought. To the extent that this claim is in the nature of prohibition (*see, Matter of Westage Dev. Group v White, supra,* at 792), a party " 'cannot be allowed to resort to such an extraordinary remedy to excuse noncompliance with a statutorily defined time limitation' " (*id.,* at 792, quoting *Matter of City of New York v New York State Dept. of Envtl. Conservation,* 89 AD2d 274, 277). In any event, petitioners' conclusory allegations in this regard are baseless and do not support the conclusion that the 30-day limitations period contained in Town Law § 267-c (1) never began to run.

Finally, we find no merit to petitioners' claim that they were denied an opportunity before Supreme Court to demonstrate that the Statue of Limitations had been tolled (or had not begun to run) based upon irregularities in the Zoning Board's actions and decision, in that Supreme Court dismissed their petition prior to the Town's responding to their demand for records of the proceedings pursuant to CPLR 7804. The documents sought are all public records of the Town, available under the Freedom of Information Law, and petitioners failed to exercise their right and, therefore, this contention lacks merit.

Inasmuch as Tuzzolo was a necessary party to this action and the 30-day Statute of Limitations found in Town Law § 267-c (1) had expired, Supreme Court properly granted the Zoning Board's motion to dismiss the petition in its entirety, rather than granting petitioners' cross motion to join Tuzzolo as a party. Further, we find that Supreme Court's determination pursuant to CPLR 1001 (b) that petitioners should not be permitted to proceed in the absence of Tuzzolo, an indispensable party, was not an improvident exercise of discretion (*see, Matter of Llana v Town of Pittstown,* 245 AD2d 968, 968-969, *supra; Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol,* 163 AD2d 715, 716-717, *supra; see also, Matter of Amodeo v Town Bd.,* 249 AD2d 882, 884).

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.