■ In the Matter of PETER MANUPELLA et al., Appellants, v TROY CITY ZONING BOARD OF APPEALS, Respondent. [707 NYS2d 707] —Rose, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 28, 1999 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioners commenced this proceeding pursuant to CPLR article 78 to obtain a judgment setting aside respondent's May 20, 1999 determination granting area variances to Joseph's House and Shelter, Inc., in connection with its plans to spend $1.8 million to purchase and rehabilitate a vacant, partially burned-out property in the City of Troy, Rensselaer County, known as the Phoenix Hotel, and to operate it as a residence for chronically homeless adults. The petition alleged that respondent failed to consider the adverse impact of this proposed use on the health, safety and welfare of the predominantly residential neighborhood in which petitioners reside and operate a business. Specifically, petitioners expressed their concern that the minimal supervision to be exercised by Joseph's House over the mentally ill and drug-abusing residents of its premises would lead to increased incidents of criminal activity and disruptive conduct in their neighborhood. They also alleged that the risk of fire would increase and real estate values in the neighborhood would decrease. Respondent moved to dismiss the petition, alleging petitioners' lack of standing.

Supreme Court *sua sponte* found that Joseph's House was a necessary party that should have been joined, as it would be inequitably affected by the judgment requested by petitioners and its rights could not adequately be protected by respondent. The court also found that ordering joinder of Joseph's House was pointless because the Statute of Limitations had run. Supreme Court further held that, in any event, petitioners did not have standing to bring the proceeding because they are not adjoining property owners and any harm claimed was not specific to them. The court therefore granted respondent's motion and dismissed the petition. Petitioners now appeal.

Initially, we note that "on a motion to dismiss a petition upon an objection in point of law, all of the allegations contained in the petition are deemed to be true * * * and the facts contained in the petition must be considered in their most favorable light" (*Matter of Parisella v Town of Fishkill*, 209 AD2d 850, 851 [citations omitted]). Based on this precept and the record before us, we find that petitioners did have standing to contest respondent's decision to grant area variances to Joseph's House, but that dismissal nevertheless was warranted because of petitioners' failure to join Joseph's House as a party.

To establish standing in a proceeding to review administrative decision making, petitioners must show that the proposed action will have a harmful effect on them and that such harm is different than the injury suffered by the public at large (*see*, *id.*, at 851). However, standing is to be liberally construed so that land use disputes can be resolved on their merits rather than by restrictive standing rules (*see*, *id.*, at 851; *see also*, *Matter of Massiello v Town Bd.*, 257 AD2d 962, 963). If petitioners can show that their premises are located in close proximity to the subject property, then actual injury is not required for it is presumed that they will suffer an adverse impact different in nature or degree than the public at large (*see*, *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 413-414; *Matter of McGrath v Town Bd.*, 254 AD2d 614, *lv denied* 93 NY2d 803 [500 feet held to be close proximity to proposed shopping center]; *Matter of Parisella v Town of Fishkill*, *supra* [1,700 feet held to be close proximity to proposed asphalt plant]; *Matter of Sopchak v Guernsey*, 176 AD2d 403 [500 feet held to be close proximity to proposed mobile home]).

Here, petitioner Peter Manupella lives and owns a business 301 feet from the subject premises, and petitioners Helen Ciavardoni and Otto Ciavardoni reside 714 feet from such premises. Considering petitioners' allegations of adverse impact to be true, as we must on this motion, we find that petitioners reside sufficiently close to the Joseph's House property to relieve them of proving actual injury.

Petitioners must also establish that they are within a statutorily recognized "zone of interest" such that their interest is included in those protected by the legislative enactment (*see*, *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, *supra*, at 414). They meet this second prerequisite of standing by asserting that their interest in public health and safety lies within the zone of interest guarded by the pertinent City ordinances. Unquestionably those ordinances were

enacted to protect the health, safety and welfare of the City, its communities and its residents (*see,* City of Troy Zoning Ordinance § 1.400), and since petitioners are present in the affected neighborhood and raise issues of its safety and welfare, they are within the zone of interest which the ordinances were designed to protect.

Secondly, we conclude that Supreme Court properly dismissed petitioners' application for failure to join Joseph's House. A party whose interest may be inequitably or adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding (*see, Matter of Ayres v New York State Commr. of Taxation & Fin.,* 252 AD2d 808, 810; *see also,* CPLR 1001). The owner of real property subject to a variance challenge generally is a necessary party because the owner will be inequitably and adversely impacted if the zoning board decision were annulled (*see, Matter of O'Connell v Zoning Bd. of Appeals,* 267 AD2d 742, 743, *lv denied* 94 NY2d 938; *Matter of Sopchak v Guernsey,* 176 AD2d 403, 404, *supra; see also, Matter of Llana v Town of Pittstown,* 234 AD2d 881). A party who proposes to purchase and develop real property also may be a necessary party for the same reasons (*see, Matter of Amodeo v Town Bd.,* 249 AD2d 882).

Here, the record does not clearly indicate whether Joseph's House is the owner of the subject real property. Joseph's House, however, was the applicant for the variance granted by respondent, and the variance was sought in order to pursue its plan to purchase and rehabilitate the premises. If the relief sought by petitioners was granted, Joseph's House would be prevented from using the premises as planned and likely have to relocate its proposed facility (*see, Matter of O'Connell v Zoning Bd. of Appeals, supra,* at 743). Thus, Supreme Court properly found Joseph's House to be a necessary party. Despite petitioners' contention to the contrary, Supreme Court also was within its discretion in dismissing the petition *sua sponte* for their failure to join that necessary party (*see,* CPLR 1003; *Matter of Dyno v Rose,* 260 AD2d 694, *appeal dismissed* 93 NY2d 998, *lv denied* 94 NY2d 753; *see also,* CPLR 1001 [b]; *City of New York v Long Is. Airports Limousine Serv. Corp.,* 48 NY2d 469, 475).

Further, as the Statute of Limitations had run, Supreme Court properly declined to exercise its discretion to join Joseph's House as a party (*see, Matter of O'Connell v Zoning Bd. of Appeals, supra,* at 745; *cf., Matter of Greco v Trincellito,* 188 AD2d 963). Petitioners' cause of action apparently accrued on May 21, 1999 when the variance was filed and, measured from that date, the 30-day Statute of Limitations (*see,* General

City Law § 81-c [1]) expired on Monday, June 21, 1999, the day this proceeding was commenced. Since the petition named Joseph's House as the applicant for the variance being challenged, petitioners undoubtedly were aware of the interest of Joseph's House in the premises and could have easily made it a party before the Statute of Limitations expired. Joining a necessary party under these circumstances is not favored by the courts (*see, Matter of Llana v Town of Pittstown, supra,* at 884). Nor did Joseph's House voluntarily participate in the proceeding (*cf., Matter of Town of Preble v Zagata,* 250 AD2d 912). Additionally, petitioners' reliance on *Matter of Sopchak v Guernsey* (*supra*) in contending that we should remit the matter to Supreme Court with a direction to join Joseph's House is unavailing, for in that case we decided only the issue of standing and merely noted that the property owners who obtained the variance ought to be joined (*see, id.,* at 404).

Finally, we find that Supreme Court's refusal to permit petitioners to proceed in the absence of Joseph's House pursuant to CPLR 1001 (b) was not an improvident exercise of discretion in light of the finding that the interests of Joseph's House would not be adequately protected by respondent (*see,* CPLR 1001 [b] [2]; *Matter of O'Connell v Zoning Bd. of Appeals, supra,* at 745; *Matter of Llana v Town of Pittstown, supra,* at 883-884). As Supreme Court noted, respondent failed to mention the absence of Joseph's House in the proceeding below. On appeal, respondent maintains that, unlike Joseph's House, it has no proprietary interest in either the property or the proposed use. Moreover, even if Joseph's House and respondent were otherwise deemed united in interest, dismissal still would be warranted because petitioners offered no excuse for failing to name Joseph's House in the first instance (*see, Matter of Baker v Town of Roxbury,* 220 AD2d 961, 963-964, *lv denied* 87 NY2d 807).

Spain, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.