■ In the Matter of SAVE THE WOODS AND WETLANDS ASSOCIATION, by JUDITH JOFFEE, et al., Its Cochairpersons, Appellant-Respondent, v VILLAGE OF NEW PALTZ PLANNING BOARD, Respondent, and SHAWANGUNK RESERVE, INC., Respondent-Appellant. [745 NYS2d 230] —Rose, J. Cross appeals from a judgment of the Supreme Court (Bradley, J.), entered October 3, 2001 in Ulster County, which, inter alia, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Village of New Paltz Planning Board to dismiss the petition for failure to join a necessary party.

Petitioner commenced this proceeding to annul a negative declaration of environmental impact (*see*, ECL 8-0109 [4]) issued by respondent Village of New Paltz Planning Board (hereinafter the Board) regarding an application for site plan approval made by respondent Shawangunk Reserve, Inc. (hereinafter Shawangunk). Based on the omission of Shawangunk as a necessary party and the expiration of the 30-day statute of limitations provided in Village Law § 7-725-a (11), which requires commencement of a CPLR article 78 proceeding within 30 days after the filing of the challenged decision in the Village Clerk's office, the Board moved to dismiss the petition. During the pendency of that motion, petitioner filed and served a supplemental petition naming Shawangunk as a respondent. Shawangunk then also moved to dismiss the petition on the ground that the 30-day statute of limitations had expired before it was joined. Supreme Court granted the Board's motion,

dismissed the petition and denied Shawangunk's motion as moot. Petitioner appeals, and Shawangunk cross-appeals from the denial of its motion.

Petitioner does not dispute that Shawangunk is a necessary party or that Shawangunk was joined more than 30 days after the Board's decision was filed in the Village Clerk's office. Instead, petitioner contends that Shawangunk was timely joined because its joinder was "as of right" within the time period prescribed in CPLR 1003. We cannot agree. The time period in CPLR 1003 within which joinder may be accomplished without leave of the court has no affect on any statute of limitations defense available to a party joined pursuant to that section (cf., Hilliard v Roc-Newark Assoc., 287 AD2d 691, 692). Since the Board did not waive its statute of limitations defense, we find that the cited 30-day statute of limitations is applicable to Shawangunk.

Petitioner's reliance on our opinion in Matter of Hans v Burns (48 AD2d 947) is misplaced. There, unlike here, the municipal respondent's failure to raise a statute of limitations defense resulted in denial of that defense to a nonmunicipal respondent (id. at 947-948). Supreme Court properly found Matter of Hans v Burns (supra) to be inapposite in light of our holdings in Matter of Manupella v Troy City Zoning Bd. of Appeals (272 AD2d 761) and Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland (267 AD2d 742, lv dismissed and denied 94 NY2d 938), which involved comparable 30-day limitations periods provided in Town Law § 267-c (1) and General City Law § 81-c (1), respectively. In those cases, we affirmed the dismissal of the underlying petitions for each petitioner's failure to join a necessary nonmunicipal respondent prior to the expiration of the 30-day period (see, Matter of Manupella v Troy City Zoning Bd. of Appeals, supra at 763-764; Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland, supra at 745). Thus, we find that Supreme Court here correctly concluded that the 30-day limitations period set forth in Village Law § 7-725-a (11) is applicable to Shawangunk, and that petitioner's attempt to join Shawangunk was untimely. In light of this determination, we also find that Shawangunk's motion was properly denied as moot.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.