■ In the Matter of DONNA L. CUYLE, Appellant, v TOWN BOARD OF THE TOWN OF OXFORD, Respondent. [753 NYS2d 613] —Spain, J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered October 19, 2001 in Chenango County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as, inter alia, untimely.

According to her petition, petitioner is the owner of a home on a parcel of real property located on South Washington Street in the Town of Oxford, Chenango County, which adjoins real property owned by Richard Purdy, not a named party in this special proceeding. In December 2000, petitioner filed an ap-

---

peal with the Town of Oxford Zoning Board of Appeals (hereinafter Board) challenging, inter alia, various interpretations and determinations by town officials that Purdy's construction of temporary greenhouses did not violate the town's zoning ordinance (*see* Town Law § 267-a [4]). Following a hearing, the Board denied petitioner's appeal and its decision was filed with the Oxford Town Clerk on February 2, 2001 (*see* Town Law § 267-a [9]).

Petitioner did not commence the instant CPLR article 78 proceeding challenging the Board's decision until April 10, 2001, and failed to name or serve either Purdy or the Board as respondents. Supreme Court dismissed her petition as untimely under the 30-day statute of limitations provided by Town Law § 267-c (1) and for failure to name or serve necessary parties. Petitioner appeals pro se, and we affirm.

Petitioner's commencement of this special proceeding on April 10, 2001 was clearly untimely, as it was not "instituted within [30] days after the filing of [the] decision of the [B]oard in the office of the town clerk" (Town Law § 267-c [1]; *see Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland*, 267 AD2d 742, 744, *lv denied and dismissed* 94 NY2d 938; *Matter of Bauman, Taub & Von Wettberg v Village of Hamilton Zoning Bd. of Appeals*, 202 AD2d 840), which occurred on February 2, 2001. We find no merit to petitioner's claims that the Board violated the requirements contained in Town Law § 267-a (1) that it "keep minutes of its proceedings, showing the vote of each member upon every question, or if absent or failing to vote, indicating such fact." Indeed, the contents of the Board's filed decision itself satisfied these requirements and, thus, there is no merit to the claim that the statute of limitations was tolled by noncompliance with Town Law § 267-a (1) (*see Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland, supra* at 744-745; *see also Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson*, 78 NY2d 1083; *cf. Matter of McCartney v Incorporated Vil. of E. Williston*, 149 AD2d 597, 598). Further, the 30-day statute of limitations was triggered by the filing of the Board's decision, and the filing of the minutes of the meeting was not required (*see Matter of Bauman, Taub & Von Wettberg v Village of Hamilton Zoning Bd. of Appeals, supra* at 841). To the extent that petitioner claims that the Board reviewed determinations outside the scope of its appellate authority provided in Town Law § 267-a (4), there is no support in the record for this conclusion.

Turning to the other ground for dismissal of the petition,

Supreme Court correctly concluded that dismissal was warranted based upon petitioner's failure to join or serve Purdy—who owns the lands in question and whose interests and land use may be adversely affected by a potential judgment—and the Board (*see Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763; *Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland, supra* at 745; *Matter of Tecler v Lake George Park Commn.*, 261 AD2d 690, 691, *lv denied* 94 NY2d 751; *see also* CPLR 1001 [a]; 1003, 7802 [a]). Consequently, we have no occasion to rule upon the merits of the petition. Petitioner's remaining contentions are either unpreserved, outside of the record or without merit.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.