*733 OPINION OF THE COURT
Donald A. Greenwood, J.
Petitioner Village of Liverpool brings this CPLR article 78 proceeding to annul and set aside the State Environmental Quality Review Act (SEQRA) findings issued by the respondent Town of Salina Planning Board relating to a project to construct and operate a 205,000-square-foot Wal-Mart Supercenter, plus three outparcels for future development at the southeast corner of the intersection of Onondaga County Route 57 and the Liverpool Bypass (County Route 88) in the Town of Salina. In its petition, the Village challenges the adequacy of the review conducted by the Planning Board under SEQRA and the resultant statement of findings issued by the Planning Board. The Village alleges that the Planning Board issued its findings for the project despite its recognition that all reasonable anticipated adverse environmental impacts upon the village resulting from the project had not been fully defined, avoided or mitigated to the maximum extent practicable as required by SEQRA, and that the Planning Board therefore has abrogated its responsibility imposed upon it by law. Respondents Planning Board and Wal-Mart Stores, East now move to dismiss the petition upon the objection in point of law that the petitioner lacks the requisite legal standing to maintain this special proceeding.
The law is well settled that the burden of establishing standing to challenge a SEQRA determination is on the party seeking review, and the petitioner must show that it would suffer direct harm or injury that is in someway different than that of the public at large. (See Society of Plastics Indus. v County of Suffolk, 77 NY2d 761 [1991].) Standing should be liberally construed so that land use disputes are settled on their own merits rather than by preclusive restrictive standing rules. (See, Matter of Parisella v Town of Fishkill, 209 AD2d 850 [3d Dept 1994].) On a motion to dismiss a petition upon objection in point of law on standing grounds, all allegations contained in the petition are deemed to be true and are construed in a light most favorable to the petitioner. (See, Matter of Massiello v Town Bd. of Town of Lake George, 257 AD2d 962 [3d Dept 1999]; see also, Matter of Parisella, supra.) To demonstrate that it is aggrieved by the environmental impact of an administrative action, a petitioner is required to both present evidence of an environmental injury in fact that is different from that suffered by the public at large and demonstrate that the alleged injury falls within the zone of interest that SEQRA was intended *734 to protect. (See, Society of Plastics Indus., supra; see also, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428 [1990].)
Deeming the allegations contained in the petition to be true and viewing them in their most favorable light, this court concludes that the petitioner has made the requisite showing of an in-fact injury which falls within the zone of interest sought to be protected by SEQRA, and that it has demonstrated that it will suffer environmental harm different in kind and nature from that suffered by the public at large. (See, Matter of McGrath v Town Bd. of Town of N. Greenbush, 254 AD2d 614 [3d Dept 1998], lv denied 93 NY2d 803 [1999].)
The Village, in its petition, alleges that the proposed project, which, while not within the village, but with a southern boundary contiguous to it, will add a minimum of 3% to 11% in additional traffic to the already overburdened Route 57 corridor within the village of Liverpool. In addition, the Village alleges that four intersections within the village of Liverpool will be negatively impacted by the construction of the project.* Traffic congestion concerns are among the environmental issues contemplated by SEQRA’s zone of interest test. (See, 6 NYCRR 617.7 [c] [1] [i].) The impacts of those concerns are sufficient to confer standing upon the Village because the alleged adverse effects are peculiar to the Village’s role as a municipal agency and, thus, different from the public at large. (See, Matter of Town of Coeymans v City of Albany, 284 AD2d 830 [3d Dept 2001].) This includes the Village’s exercise of its powers and responsibilities by employing a police department which enforces traffic regulations on the affected Route 57, as well as its general authority under Village Law § 7-704 to enact its comprehensive plan that promotes the general welfare, including the reduction of traffic congestion. (See, Village Law § 7-704.)
Based upon the foregoing, this court finds that the Village has demonstrated that it will suffer unique harm from the project. Likewise, the Village has shown, for purposes of this motion, that its injuries are within SEQRA’s “zone of interest” since the zone of interest or concerns of SEQRA encompass “the impact of agency action on the relationship between the citizens of this State and their environment.” (Society of Plastics Indus., 77 NY2d at 777.) The petitioner, here,
*735 “threatened with such a concrete injury plainly has the requisite incentive to press the matter. It is not seeking an advisory opinion, and it is not misusing the statute to delay or defeat governmental action and thereby advance ends outside the legislative purview. With particular respect to SEQRA, an assertion of special environmental harm evidences that the named plaintiff ‘has a significant interest in having the mandates of SEQRA enforced.’ ” (Id., quoting Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 529 [1989].).
Inasmuch as the petitioner has made the requisite showing of both an environmental injury in fact that is different from that suffered by the public at large and that the alleged injury falls within the zone of interest that SEQRA was required to protect, the respondents’ motion to dismiss the petition on the grounds that the petitioner lacks standing is denied.
Now, therefore, for the foregoing reasons, it is ordered that the respondents’ motion to dismiss the petition is denied.

 Even with the proposed mitigation, one of the four intersections will continue to be negatively impacted.