OPINION OF THE COURT
Eugene E. Peckham, J.
The matter before the court is a complaint for injunctive relief, which will be treated as a motion for a prehminary injunction. A temporary restraining order was issued and oral argument was heard on March 22, 2007.
The request for a preliminary injunction is based upon a separate CPLR article 78 proceeding commenced to review actions of the Binghamton City Planning Commission (hereafter PC) and Zoning Board of Appeals (hereafter ZBA) granting a special use permit, series a site plan review, and use variance to construct a 32-unit senior housing project in an R-2 residential one- and two-family dwelling unit district. (Fiume v Binghamton City Planning Commn., Index No. 2007000474.)
“To prevail on a motion for a preliminary injunction, the moving party must establish: (1) the likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors the moving party’s position.” (Reuschenberg v Town of Huntington, 16 AD3d 568, 569 [2d Dept 2005]; Pantel v Workmen’s Circle/Arbetter Ring Branch 281, 289 AD2d 917 [3d Dept 2001]; CPLR 6301; Siegel, NY Prac § 328, at 524 [4th ed].)
The property at the center of this action comprises a total of 6.97 acres and includes 50 Clapham Street, 10-16 East Clapham Street, 1-28 Beaumont Court, as well as roadway rights-of-way, all located in the City of Binghamton, New York (see exhibit A to affidavit of Christopher Ballard, dated Mar. 8, 2007). The subject property is wholly situated in an R-2 district which is a residential one- and two-unit dwelling district under the Zoning *908 Ordinance of the City of Binghamton (Binghamton Zoning Ordinance § 410-10). The subject property has been owned by Rent to Own Homes of Binghamton, Inc. since May 1, 1990. The developer and contractor was Fahs Construction Group, Inc. Maynard Fahs is a major principal in both these corporations. (Affidavit of Carl F. Guy, dated Mar. 20, 2007, at 4; affidavit of Brian M. Seachrist, dated Apr. 5, 2007.)
In August 2006, the City of Binghamton’s PC and ZBA received a joint application submitted by East Hills Living Center, LLC for the construction of a multiunit 32-unit senior apartment complex and community center. The application identified East Hills as the owner of the subject property.
On February 26, 2007, and prior to commencing this action, plaintiffs filed a related article 78 special proceeding to annul the aforementioned PC decision and ZBA decision (Broome County Index No. 2007-0474). The named respondents in said article 78 proceeding include the City’s PC, ZBA and City Council, as well as each of the individual members of those respective boards, but neither East Hills nor the property owner, Rent to Own Homes of Binghamton, Inc., nor the developer, Fahs Construction Group, Inc. were named as respondents.
Thereafter, plaintiffs commenced the instant action by filing a summons and complaint for injunctive relief on March 13, 2007 (Broome County Index No. 2007-0579), as well as an order to show cause and temporary restraining order which was signed by the court on March 15, 2007. The defendants named in this second action differ from the respondents named in the related article 78 special proceeding, and now include the property owner, developer and Carl F. Guy, the representative of the owner and developer.
The application to the PC and ZBA was filed on behalf of East Hills Living Center, LLC because it was intended that this limited liability company would be formed later to be the owner or operator of the project after it was constructed. (Affidavit of Carl F. Guy, dated Mar. 20, 2007, at 5.) However, the limited liability company has not been formally established (Ballard affidavit at 2-3; exhibits B, C).
The PC held a public hearing on the application on October 18, 2006 and after that hearing the PC voted five to two “to approve the requested Special Use Permit & Series A Site Plan.” The decision was filed with the City Clerk on October 27, 2006. The ZBA held a public hearing on the application on November 8, 2006 and, at its meeting on January 3, 2007, voted five to *909 zero to approve “the use variance to allow construction of multiunit dwellings in a one and two family district.” The decision was filed with the City Clerk on January 10, 2007 (letter from Kenneth J. Frank, Corporation Counsel, dated Mar. 26, 2007, with attached certified copies of PC and ZBA decisions).
As stated, the petition to commence the article 78 proceeding was filed with the County Clerk on February 26, 2007. Clearly this is beyond the 30-day statute of limitations set forth in General City Law §§ 27-a, 27-b and 81-c as to both the PC and ZBA decisions.
However, petitioners argue there is a jurisdictional defect in the PC and ZBA proceedings because the applicant, East Hills Living Center, LLC, is not an existing entity (Ballard affidavit, exhibits B, C), citing Matter of South Shore Audubon Socy. v Board of Zoning Appeals of Town of Hempstead (185 AD2d 984 [2d Dept 1992]). The difficulty with this argument is that the Third Department has reached the opposite conclusion on the question of whether jurisdictional defects prevent the running of the statute of limitations. (Matter of Smith v Town of Plattekill, 13 AD3d 695 [3d Dept 2004]; Matter of Stankavich v Town of Duanesburg Planning Bd., 246 AD2d 891 [3d Dept 1998].) All three of these cases involved the question of whether failure to comply with General Municipal Law § 239-m is a jurisdictional defect that overrides the 30-day statute of limitations. Section 239-m requires referral of proposed zoning actions to the county planning board for review and comment before final action is taken by the municipal boards. Such referral was made in this case.
Inasmuch as this court is bound by the above rulings of the Third Department, the question thus presented is whether the failure of the applicant to be an existing entity that owns the property in question is a defect that is more serious than the defect in the Smith and Stankavich cases sufficient to cause a different result.
At the outset it must be noted that nowhere in General City Law §§ 27-a, 27-b, 81-b or 81-c is there any specific requirement that the applicant for a PC or ZBA decision be the owner of the property or even an existing entity. The Binghamton Zoning Ordinance also does not contain any such requirement. (Binghamton Zoning Ordinance §§ 410-39, 410-92.) These statutes and ordinances only require an “applicant.”
A case that presents a very similar question to the present case is Matter of Manupella v Troy City Zoning Bd. of Appeals *910 (272 AD2d 761 [3d Dept 2000]). In that ease the Troy ZBA granted a variance upon the application of Joseph’s House and Shelter, Inc. to rehabilitate a vacant hotel into a shelter for homeless adults. The Third Department affirmed a dismissal of the article 78 proceeding because the applicant, Joseph’s House, was not named as a party defendant in that proceeding.
“A party whose interest may be inequitably or adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding. The owner of real property subject to a variance challenge generally is a necessary party because the owner will be inequitably and adversely impacted if the zoning board decision were annulled. A party who proposes to purchase and develop real property also may be a necessary party for the same reasons. “Here, the record does not clearly indicate whether Joseph’s House is the owner of the subject real property. Joseph’s House, however, was the applicant for the variance granted by respondent, and the variance was sought in order to pursue its plan to purchase and rehabilitate the premises.” (Manupella v Troy City Zoning Bd. of Appeals, supra at 763 [citations omitted].)
The decision in Manupella relied on Matter of Amodeo v Town Bd. of Town of Marlborough (249 AD2d 882 [3d Dept 1998]). In Amodeo the Appellate Division held that it was error in the article 78 proceeding to fail to join the applicant, Marlborough Associates, L.E for a special use permit and dismissed the article 78 proceeding for failure to join an indispensable party. The Court noted: “Contrary to petitioner’s contention that the identity of the necessary party was in doubt at the time of the commencement of this proceeding, we find the record replete with references to Gerentine as the authorized agent of Marlborough Associates as the proposed entity.” (Amodeo v Town Bd. of Town of Marlborough, supra at 884.)
Here East Hills was the applicant and proposed entity to run the project. This record is also replete with references to Carl Guy as the authorized representative of the proposed developer, Fahs Construction Group, and the actual title holder of the property, Rent to Own Homes (Carl Guy affidavit, dated Mar. 20, 2007, at 4-5; exhibits C, D thereto; letter of Kenneth J. Frank, Corporation Counsel, dated Mar. 26, 2007, with attached decisions of the PC and ZBA; affidavit of Brian M. Seachrist, dated Apr. 5, 2007). Mr. Guy appeared and spoke in favor of the *911 proposed zoning changes at both the PC and ZBA public hearings. At the PC hearing, five of the eight speakers in opposition are now also petitioners in both these actions. At the ZBA public hearing, two of the four speakers in opposition are now also petitioners in both these actions. (PC decision, dated Oct. 24, 2007, filed Oct. 27, 2007; ZBA decision, dated Jan. 8, 2007, filed Jan. 10, 2007.) It is thus clear that the petitioners knew or should have known from their participation in the public hearings that Carl Guy represented the owners and developers of the project. Nowhere in the papers submitted either in the action for an injunction nor in the article 78 proceeding do petitioners allege that they did not receive proper notice of the proposed development nor of the date and time of the PC or ZBA hearings. Petitioners, or many of them, actually participated in those hearings. When petitioners realized they had not named a necessary party in the article 78 proceeding they were able, two weeks later, to name the applicants for the zoning change, Fahs Construction Group and Rent to Own Homes, as well as Carl Guy, as defendants in the second action for an injunction.
The inescapable conclusion is that petitioners had full knowledge of who were the applicants for the zoning changes, who were the owners of the property, who were the developers, and who was their authorized representative. Manupella and Amodeo hold that in such a situation failure to name such necessary defendants in the article 78 proceeding within the 30-day limit requires dismissal of the petition. (Matter of Save the Woods & Wetlands Assn. v Village of New Paltz Planning. Bd., 296 AD2d 679 [3d Dept 2002]; Matter of O’Connell v Zoning Bd. of Appeals of Town of New Scotland, 267 AD2d 742 [3d Dept 1999].)
The Court of Appeals has recently held that where a necessary party has not been joined as a defendant in an article 78 proceeding, the trial court must analyze the application to the case of CPLR 1001 (b). (Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452 [2005].) Reviewing that statute, it is clear that petitioners must bear the responsibility for nonjoinder of the applicant and the owners and developers of the property since they knew, or should have known, who they were. They were able to name them in the complaint for an injunction only two weeks later. Further failure to join the owners and applicants in an article 78 proceeding could result in stoppage of a project in which the *912 developers have made a substantial financial investment. (Affidavit of Carl F. Guy, dated Mar. 20, 2007, at 2-3.) Thus an effective judgment should not be rendered without the developers as necessary defendants, otherwise their interest in the project could be stopped or cut off without notice to them. (Manupella v Troy City Zoning Bd. of Appeals, supra.) Most important though is that the petitioners have no remedy because they did not commence their proceeding within the 30-day statute of limitations.
Assuming, arguendo, there is a jurisdictional defect because East Hills has not been properly formed, such defect is no more serious than the defect in Smith v Town of Plattekill (supra) and Stankavich v Town of Duanesburg Planning Bd. (supra). Minor irregularities in procedure do not toll the running of the statute. (Matter of Vega v Scheyer, 18 AD3d 664 [2d Dept 2005]; Matter of Crepeau v Zoning Bd. of Appeals of Vil. of Cambridge, 195 AD2d 919 [3d Dept 1993].) Since petitioners knew who the developers were and participated in the PC and ZBA hearings, the fact that a limited liability company intended to be formed by the developers was listed as the applicant must be considered a minor irregularity and not a jurisdictional defect. Furthermore, the real property which was the subject of the zoning application was fully described in both the application and the PC and ZBA decisions.
Petitioners also allege that there is a jurisdictional defect because the PC did not have authority to permit a multiunit dwelling in an R-2 zone. However, the ZBA does have the authority to grant a use variance for such purpose provided there is a showing of unnecessary hardship. (General City Law § 81-b; Binghamton Zoning Ordinance § 410-92 [C].) The ZBA in the comments section of its decision found there was such a hardship and approved the use variance unanimously. Thus any defect in the PC action, if there was one, is overcome by the ZBA approval of a use variance and again is barred by the statute of limitations.
The court has considered the other issues raised by petitioners, but since they all allege improprieties in the PC and ZBA decisions they are foreclosed by the failure to commence the article 78 proceeding in timely fashion and denied. The defendants also argued that petitioners improperly commenced this action for injunctive relief separately from their article 78 proceeding. The court need not definitively determine this issue in view of the dispositive nature of the untimeliness of the article 78 proceeding.
*913 The result is that there is no likelihood of success on the merits because the 30-day statute of limitations expired before the article 78 proceeding was commenced, and also because an indispensable party was not named as a defendant in that proceeding. Therefore the request for a preliminary injunction in Fiume v Chadwick (Index No. 2007000579) is denied and the temporary restraining order previously granted is vacated. For the same reasons the underlying petition in Fiume v Binghamton City Planning Commn. (Index No. 2007000474) must also be and hereby is dismissed.